**In re PANDA DEVELOPMENT CORP., INC., Debtor.**

**PANDA DEVELOPMENT CORP., INC., Plaintiff,**

**v.**

**SOUTHEAST BANK, N.A., Defendant.**

**Bankruptcy No. 86–00941–BKC–6P1.**
**Adv. No. 87–0065.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

July 23, 1987.

Stephen A. Hilger, Gray, Harris & Robinson, P.A., Orlando, Fla., for Southeast Bank, N.A.

Patricia L. Daugherty, Orlando, Fla., for the debtor corp.

## FINAL JUDGMENT

GEORGE L. PROCTOR, Bankruptcy Judge.

THIS CAUSE came before the Court on SOUTHEAST BANK, N.A.'s Motion to Dismiss the plaintiff's adversary proceeding for preliminary and permanent injunctive relief. The bank's motion was made on the grounds that this Court lacks jurisdiction. The Court finds that the bank's motion is well taken and should be granted.

The adversary proceeding was brought by the debtor to prevent SOUTHEAST BANK, N.A. from executing on a judgment obtained against Curt L. Niederpruem who is the chief executive officer of the debtor corporation. Curt L. Niederpruem, individually, executed and delivered to SOUTHEAST BANK, N.A. a promissory note in the principal amount of $25,000. The promissory note makes no reference to the debtor corporation other than the fact that Curt L. Niederpruem could be reached at the debtor corporation's address.

The promissory note executed by Curt L. Niederpruem went into default. SOUTHEAST BANK, N.A. brought suit against Curt L. Niederpruem on the promissory note in the Florida State Court in an action styled *Southeast Bank, N.A. v. Curt L. Niederpruem,* CASE NO: 85–4641–CA–01–K in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida. A summary judgment was rendered in favor of the bank. After discovery in aid of execution, the bank filed a Motion for Proceedings Supplementary which was granted by the trial court. The actions by SOUTHEAST BANK, N.A. to collect its judgment against Curt L. Niederpruem precipitated the filing of this adversary proceeding.

The jurisdiction of this Court does not extend to any consideration of the debtor's adversary proceeding since the debtor is asking this Court to make judicial determinations regarding assets and debts of a non-debtor party. The jurisdiction of the Bankruptcy Court extends only to assets and liabilities of debtors who file petitions for relief under the bankruptcy laws. This Court's jurisdiction does not extend to the separate liabilities of individual officers of the debtor corporation. *United States v. Huckabee Auto Company,* 783 F.2d 1546 (11 Cir.1986). The stock of the debtor corporation which SOUTHEAST BANK, N.A. seeks to obtain through state court proceedings supplementary is not property of the estate. *Matter of Paso Del Norte Oil Company,* 755 F.2d 421 (5th Cir.1985). Curt L. Niederpruem therefore has a remedy available to him should he decide to exercise it. That remedy is the filing of a Bankruptcy petition in this Court. The debtor corporation may not use its bankruptcy proceeding to shield the individual obligations of its corporate officers.

IT IS THEREFORE ORDERED AND ADJUDGED that SOUTHEAST BANK's

Motion to Dismiss for Lack of Jurisdiction is GRANTED and the debtor's adversary proceeding against SOUTHEAST BANK, N.A. shall be dismissed with prejudice.