**CREDIT ALLIANCE CORPORATION,**
**Plaintiff–Appellee,**

v.

**Gary L. WILLIAMS,**
**Defendant–Appellant,**

and

**Penn Hook Coal Company, Inc.**
**Malcolm C. Williams, Jr.,**
**Defendants.**

**No. 87–3728.**

United States Court of Appeals,
Fourth Circuit.

Argued April 5, 1988.

Decided July 5, 1988.

# 120

Cynthia D. Kinser, Pennington Gap, Va., for defendant-appellant.

Corneal L. Domeck, III (Kurt J. Pomrenke, White, Elliott & Bundy, Abingdon, Va., on brief), for plaintiff-appellee.

Before ERVIN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

WILKINSON, Circuit Judge:

Gary Williams, guarantor of a note executed by Penn Hook Coal Co. in favor of Credit Alliance Corp., appeals the decision of the district court that a default judgment against Williams on the note was not rendered void by virtue of Penn Hook's petition for bankruptcy. We agree with the district court that the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, stays proceedings against the debtor only, and that no such relief is avail-

able to the non-bankrupt guarantor. Because principles of res judicata preclude relitigation of issues which could have been litigated in the earlier proceeding, the default judgment entered in that proceeding is enforceable against the guarantor.

I.

On February 22, 1980, Penn Hook Coal Co. signed a three year conditional sales contract note with Croushorn Equipment Co. for the purchase of a John Deere wheel loader. Croushorn assigned Penn Hook's note to Credit Alliance Corp. and Gary Williams and Malcolm C. Williams executed a guaranty of Penn Hook's obligation in favor of Credit Alliance.

Penn Hook subsequently defaulted on its obligation. On January 14, 1981, Credit Alliance filed suit in the United States District Court for the Southern District of New York against Penn Hook and the guarantors, Gary and Malcolm Williams. Credit Alliance sought judgment in the amount of $54,018.07, the balance due on the note after crediting the proceeds realized from the sale of the collateral, plus attorneys' fees, interest, and costs. Defendants failed to respond to the summons and complaint, and on March 4, 1981, Penn Hook petitioned for bankruptcy under Chapter 11 of the Bankruptcy Code in the District Court for the Western District of Virginia. On April 15, 1981, the District Court for the Southern District of New York entered a default judgment in the amount of $62,866.70 against the three defendants.

On October 5, 1984, Credit Alliance instituted garnishment proceedings against Penn Hook and the guarantors in the Western District of Virginia. The matter was referred to the bankruptcy court which held that the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, rendered void the default judgment against the debtor and the non-debtor guarantors, entered after Penn Hook petitioned for bankruptcy, 68 B.R. 804. The district court reversed the decision of the bankruptcy court with respect to the guarantors, and held that Credit Alliance's claim against

Gary Williams and Malcolm Williams was not stayed or void, 77 B.R. 57. Guarantor Gary Williams now appeals.

## II.

■ Appellant seeks to invoke the automatic stay provision of 11 U.S.C. § 362 to invalidate the New York judgment entered against him in his capacity as guarantor of the now bankrupt debtor's note with Credit Alliance.

The plain language of § 362, however, provides only for the automatic stay of judicial proceedings and enforcement of judgments "against the debtor or the property of the estate." *See Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 126–27 (4th Cir.1983). The legislative history of the provision reveals that Congress enacted § 362 to provide protection for bankrupt debtors and to facilitate the orderly distribution of debtors' assets among their creditors. "The automatic stay is one of the fundamental protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors.... It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." S.Rep. No. 989, 95th Cong., 2d Sess. 54–55 (1978), *reprinted in* 1978 *U.S.Code Cong. & Admin.News*, 5787, 5840–41; H.R.Rep. No. 595, 95th Cong., 2d Sess., 340 (1978), *reprinted in* 1978 *U.S.Code Cong. & Admin. News*, 5963, 6296–97.

Nothing in § 362 suggests that Congress intended that provision to strip from the creditors of a bankrupt debtor the protection they sought and received when they required a third party to guaranty the debt. Congress knew how to extend the automatic stay to non-bankrupt parties when it intended to do so. Chapter 13, for example, contains a narrowly drawn provision to stay proceedings against a limited category of individual cosigners of consumer debts. *See* 11 U.S.C. § 1301(a). No such protection is provided to the guarantors of Chapter 11 bankrupts by § 362(a). *See Williford*, 715 F.2d at 126–27.

Guarantors of debtors proceeding in bankruptcy under Chapter 11 are limited to claims for reimbursement or contribution to the extent allowed under 11 U.S.C. § 502(e) or subrogation to the rights of the creditor under 11 U.S.C. § 509. This scheme protects the assured creditor "to the extent that a surety or codebtor is not permitted to compete with the creditor he has assured until the assured party's claim has been paid in full." 124 Cong.Rec. H11089 (Sept. 28, 1978) (statement of Rep. Edwards), *reprinted in* 1978 *U.S.Code Cong. & Admin.News*, 6436, 6449–50. A reading of § 362 restricting a creditor's ability to proceed against its guarantor would eliminate the protection of assured creditors contemplated by the Bankruptcy Code.

*A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir.), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986), is not to the contrary. We recognized in *Robins* that in "unusual circumstances" a court, pursuant to § 362, may properly stay proceedings against non-bankrupt codefendants of the bankrupt debtor. Such unusual circumstances might arise where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor," *id.* at 999, or where proceedings against non-debtor codefendants would reduce or diminish "the property of the debtor [such as the debtor's insurance fund or pool] to the detriment of the debtor's creditors as a whole." *Id.* at 1008.

There is nothing "unusual" about this guaranty agreement that would permit the guarantor, Williams, to invoke the statutory protection of § 362 or that would permit us to stay the enforcement of the New York judgment against him on equitable grounds. *See A.H. Robins*, 788 F.2d at 1000. It is unnecessary to stay proceedings or void the judgment against the non-bankrupt guarantor to protect Penn Hook or to prevent the dissipation of its assets, since neither Penn Hook nor its estate is jeopardized by the judgment against

Williams. "The very purpose of a guaranty is to assure the [creditor] that in the event the [debtor] defaults, the [creditor] will have someone to look to for reimbursement." *Rojas v. First Bank National Ass'n*, 613 F.Supp. 968, 971 (E.D.N.Y.1985). The purpose of the guaranty would be frustrated by interpreting § 362 so as to stay Credit Alliance's action against the non-bankrupt guarantor when the defaulting debtor petitioned for bankruptcy.

### III.

Appellant challenges the validity of the New York default judgment entered against him. He argues that the claim against him for the deficiency due on Penn Hook's debt should be disallowed because Credit Alliance did not conduct the sale of the collateral in a commercially reasonable manner and because the debt was satisfied by the sale of the collateral. Appellant could have raised these defenses to its obligation on the debt in the earlier proceeding. He did not, however, and a judgment in default was entered against him. The default judgment constitutes a final judgment on the merits, and the principles of res judicata preclude him from raising here defenses that he could have raised in the New York action. *See* 18 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4442 (1981). Appellant is, therefore, estopped from relitigating the merits of the New York judgment.

We conclude that the judgment against Gary Williams is valid and enforceable. The judgment of the district court is therefore

*AFFIRMED.*