**In re ENVIRONMENTAL MANUCRAFT INC., Debtor.**

**Bankruptcy No. 89–03452.**

United States Bankruptcy Court, D. South Carolina.

Dec. 18, 1989.

Peter Roest, Columbia, S.C., for debtor.

John R. Lester, Columbia, S.C., for creditor John Hatcher.

## ORDER

WILLIAM THURMOND BISHOP, Bankruptcy Judge.

This matter comes before me on the debtor's MOTION TO EXTEND STAY to cover guarantors.

THE COURT FINDS:

1. That ENVIRONMENTAL MANUCRAFT, INC., (debtor) obtained a line of credit, in the amount of $400,000.00 on February 24, 1989, from FIRST FEDERAL

SAVINGS AND LOAN ASSOCIATION OF SOUTH CAROLINA (bank). The debtor's obligation to the bank is evidenced by a Promissory Note and UCC 1 filing which gives the bank a lien on the manufacturing equipment owned by the debtor.

2. That MILTON P MOORE, JEAN A MOORE and JOHN D HATCHER (guarantors), personally guaranteed the debtor's obligation to the bank. On or about July 6, 1989, the bank commenced a state court action styled *First Federal Savings and Loan Association of South Carolina v Environmental Manucraft, Inc., John D. Hatcher, Milton P. Moore, and Jean A. Moore,* Civil Action No. 89–CP–23–2612, seeking, *inter alia,* judgment against the guarantors by reason of the above referenced guarantees.

3. That the debtor filed its voluntary petition for relief under Chapter 11, Title 11, U.S.Code, on September 27, 1989. The debtor has closed down the operation of the business and remains as debtor-in-possession, pursuant to 11 U.S.C. § 1107(a), and has now brought this MOTION TO EXTEND STAY, seeking an extension of the automatic stay to the guarantors MILTON P MOORE and JEAN A MOORE as to all proceedings in state courts.

4. That JOHN D HATCHER, who is both a creditor and a guarantor in this action, has objected to the debtor's MOTION TO EXTEND STAY, and that he has the standing to object.

5. That the debtor relies principally on the decision in *A.H. Robins, A.H. Robins Co. Inc. v. Piccinin (In re A.H. Robins Co., Inc.),* 788 F.2d 994, 999 (4th Cir.1986), as its authority for bringing this motion. In *Robins* the court found the automatic stay should be extended to the indemnitor of the debtor because there was clear and convincing evidence that the actions being brought against the indemnitors, in state court, would significantly impair the debtor's ability to reorganize, and that due to the unusual circumstances of the case, the actions against the indemnitors were in fact actions against the debtor, since the indemnitor and the debtor were so legally and contractually bound that a judgment against the indemnitor amounted to a judgment against the debtor.

6. That in the instant case there has been no evidence presented, only the representations of counsel, that demonstrates that the pending state court action would impair the debtor's ability to reorganize. In fact, in this case, the debtor does not intend to reorganize, but to conduct "an orderly liquidation" of its assets. It appears that the guarantors may have a remaining obligation after the debtor's assets have been liquidated; thus the reason the corporate debtor was required to have guarantors. An extension of the stay would only delay the creditor's action, in state court, with no benefit to the debtor's estate. The granting of an extension of the stay in this matter would have the effect of judicially creating a guarantor stay that was never intended by Congress and defeat the purpose of having guarantors on corporate debts.

4. That in the instant case the court finds the guarantors are separately and individually bound by the terms of the guarantee and that a judgment against one of these guarantors is not a judgment against the estate of the debtor. The issue of inconsistent judgments does not apply and that the possibility of multiple judgments is dealt with under provisions of both state and bankruptcy law, and was dealt with by The Sixth Circuit Court of Appeals in *Lynch v. Johns–Manville Sales Corp.,* 710 F.2d 1194 (6th Cir.1983), by noting that such "duplicative or multiple litigation which may occur is the direct by-product of bankruptcy law. As such, the duplication, to the extent that it may exist, is congressionally created and sanctioned". 710 F.2d at 1199. The debtors bankruptcy estate and each guarantor are liable to the creditor; a judgment, in state court, against one of the guarantors is not *res judicata* as to the debtor's bankruptcy estate or any remaining guarantor.

5. In *Credit Alliance Corporation v. Williams,* 851 F.2d 119 (4th Cir.1988) the court upheld its finding in *Robins* but found that absent the showing of "unusual circumstances" there were no grounds to

extend the stay to the guarantors. This court finds NO SHOWING of unusual circumstances in the present case.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, that the debtor's motion is denied.