600 A.2d 943

CITIZENS FIRST NATIONAL BANK OF NEW JERSEY, A BANK ORGANIZED UNDER THE LAWS OF THE UNITED STATES, PLAINTIFF–APPELLANT, v. HARVEY I. MARCUS AND UPPER 122, INC., DEFENDANTS, AND JUDITH A. MARCUS, HOMES FOR TODAY, INC., TINTON 35, INC., AND TINTON 60, INC., DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted December 3, 1991—Decided December 31, 1991.

Before Judges MICHELS, O'BRIEN and HAVEY.

*Okin, Cohen & Hollander,* attorneys (*Peter A. Pizzani, Jr.,* of counsel and on the brief), for plaintiff-appellant.

No brief was filed on behalf of respondents Judith A. Marcus, Homes for Today, Inc., Tinton 35, Inc. and Tinton 60, Inc.

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Plaintiff Citizens First National Bank of New Jersey (Citizens Bank) appeals from an order of the Law Division that *sua sponte* dismissed its action against defendants Harvey I. Marcus (Marcus), Judith A. Marcus, Homes for Today, Inc. (Homes), Tinton 35, Inc. and Tinton 60, Inc. without prejudice subject to reinstatement if the bankruptcy proceedings initiated by Marcus did not fully dispose of the issues between the parties. The pivotal issue posed by this appeal deals with the effect of the filing of a bankruptcy petition by a debtor on the non-debtor defendants in a state court action involving certain loan transactions.

Citizens Bank entered into a number of loan agreements with defendants Marcus and Homes. Marcus allegedly is the principal shareholder and operating officer of Homes. The loans in question were allegedly guaranteed by Marcus, his wife, Judith Marcus, Tinton 35, Inc., Tinton 60, Inc., and defendant Upper

122, Inc.[1]  When Marcus and Homes defaulted on the loans, Citizens Bank instituted this action in the Law Division, seeking compensatory damages, interest, costs and attorneys fees. After the complaint was filed, Marcus filed a bankruptcy petition in the Federal Bankruptcy Court for the District of New Jersey. On a motion to transfer the case to the complex track of the Bergen County Differentiated Case Management program and extend the discovery deadline, the trial court dismissed *sua sponte* the complaint against all defendants. Citizens Bank appealed.

Citizens Bank contends that the trial court erred in dismissing *sua sponte* the action against all defendants due to the pendency of the bankruptcy petition filed by Marcus, and therefore, seeks a reversal of the order and a remand to the trial court for reinstatement of the complaint, or alternatively, for a hearing on the propriety of continuing the action against the non-bankrupt defendants. Citizens Bank argues essentially that the claims against the non-bankrupt defendants stated independent causes of action which have no impact on either the pending bankruptcy proceeding or the ability of those defendants to defend this action. We agree and reverse.

In the absence of special circumstances, "[t]he automatic stay of section 362(a) [2] [of the Bankruptcy Code] protects only

[1]Defendant Upper 122, Inc., is a defunct corporation and defaulted in these proceedings. Apparently, therefore, plaintiff Citizens First National Bank of New Jersey did not join defendant Upper 122, Inc. as a party to this appeal.

[2]Section 362(a) of the Bankruptcy Code, 11 *U.S.C.A.* § 362 (West 1990), provides, in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a

4

the debtor, property of the debtor or property of the estate." *In re Advanced Ribbons & Office Prods., Inc.*, 125 *B.R.* 259, 263 (Bankr. 9th Cir.1991) (footnote added); *see Credit Alliance Corp. v. Williams*, 851 *F.*2d 119, 121 (4th Cir.1988); *In re Garnett*, 47 *B.R.* 170, 171 (Bankr.E.D.N.Y.1985). "The law is well settled that the automatic stay provided for by the bankruptcy law extends only to claims against the debtor himself and not against others, including sureties, whose liability to the creditor for the obligations of the debtor has an independent basis." *Seaboard Sur. v. Chosen Freeholders*, 222 *N.J.Super.* 409, 415, 537 *A.*2d 310 (App.Div.), *certif. denied*, 111 *N.J.* 630, 546 *A.*2d 545 (1988) (holding that a county could proceed against sureties in an arbitration proceeding despite pending bankruptcy proceeding against principals). Furthermore, "[i]t is universally acknowledged that an automatic stay of proceeding accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor." [3] *Lynch v. Johns–Manville Sales Corp.*, 710 *F.*2d 1194, 1196 (6th Cir.1983) (See cases cited therein); *accord Seaboard Sur. v. Chosen Freeholders, supra*, 222 *N.J.Super.* at 415, 537 *A.*2d 310; *see Credit Alliance Corp. v. Williams, supra*, 851 *F.*2d at 121; *Ingersoll–Rand Fin. Corp. v. Miller Mining Co., Inc.*, 817 *F.*2d 1424, 1427 (9th Cir.1987); *Browning Seed, Inc. v. Bayles*, 812 *F.*2d 999, 1004 (5th Cir.1987); *Otoe County Nat'l Bk. v. W & P Trucking, Inc.*, 754 *F.*2d 881, 883 (10th Cir.1985); *In re Ad-*

claim against the debtor that arose before the commencement of the case under this title.

[3]Unlike Chapter 11, Chapter 13 expressly stays creditors from commencing or continuing any civil action to collect consumer debt from co-debtors. 11 *U.S.C.A.* § 1301. Thus, courts have found that the "Congressional silence would seem to indicate that the automatic stay provisions of Section 362(a) operate in favor of the bankrupt debtor only." *Pitts v. Unarco Indus., Inc.*, 698 *F.*2d 313, 314 (7th Cir.1983); *In re Kelton Motors Inc.*, 121 *B.R.* 166, 192 n. 13 (Bankr.D.Vt.1990); *Royal Truck & Trailer, Inc. v. Armadora Maritima Salvadorena*, 10 *B.R.* 488, 491 (Bankr.N.D.Ill.1981); *see also* American Bankruptcy Inst., *Bankruptcy Issues for State Trial Court Judges* 44 (1991–1992).

vanced *Ribbons, supra,* 125 *B.R.* at 263; *Personal Designs, Inc. v. Guyman, Inc.,* 80 *B.R.* 29, 30 (E.D.Pa.1987); *Royal Truck & Trailer, Inc. v. Armadora Maritima Salvadorena,* 10 *B.R.* 488 (N.D.Ill.1981). *See generally* 2 *Collier on Bankruptcy,* ¶ 362.02[1] (15th Ed.1990); American Bankruptcy Inst., *Bankruptcy Issues for State Trial Court Judges* 44 (1991–1992). "Bankruptcy law likewise permits a guarantor to be sued in state court while pending bankruptcy proceedings against the principal debtor preclude suit in state court against the debtor." *Browning Seed, Inc. v. Bayles, supra,* 812 *F.*2d at 1004; *see e.g., In re Magnus Harmonica Corp.,* 233 *F.*2d 803 (3rd Cir.1956). "Nothing in § 362 suggests that Congress intended that provision to strip from the creditors of a bankrupt debtor the protection they sought and received when they required a third party to guaranty the debt." *Credit Alliance Corp. v. Williams, supra,* 851 *F.*2d at 121. Moreover, " 'it would distort congressional purpose to hold that a third party solvent co-defendant should be shielded against his creditors by a device intended for the protection of the insolvent debtor' and creditors thereof." *Lynch v. Johns–Manville Sales Corp., supra,* 710 *F.*2d at 1197 (quoting *Lynch v. Johns–Manville Sales Corp.,* 23 *B.R.* 750 (Bankr.S.D.Ohio 1982), *aff'd,* 710 *F.*2d 1194 (6th Cir.1983)).

Similarly, the automatic stay does not protect a corporation owned by the debtor. *See In re Advanced Ribbons, supra,* 125 *B.R.* at 263; *In re Spencer,* 123 *B.R.* 858, 860 (Bankr.N.D.Cal. 1991); *Personal Designs, Inc. v. Guyman, Inc., supra,* 80 *B.R.* at 30; *In re Panda Dev. Corp. Inc.,* 76 *B.R.* 199, 200 (Bankr. M.D.Fla.1987); *In the Matter of Supermercado Gamboa, Inc.,* 68 *B.R.* 230, 232 (Bankr.D.P.R.1986); *Funding Sys. Railcars v. Pullman Standard Inc.,* 34 *B.R.* 706 (Bankr.N.D.Ill.1983). Moreover, under State law, "[a] corporation is regarded in law as an entity distinct from its individual officers, directors, and agents." *Printing Mart v. Sharp Elecs. Corp.,* 116 *N.J.* 739, 761, 563 *A.*2d 31 (1989). As such, "[c]ourts have consistently held that the fact that a debtor owns all of the stock of a

subsidiary does not provide a sufficient basis for a bankruptcy court to enjoin the prosecution of a suit against the subsidiary. An injunction is only proper if the debtor shows that the subsidiary is 'a mere sham or alter ego' of the debtor." *Funding Sys. Railcars v. Pullman Standard Inc., supra,* 34 *B.R.* at 709. (See cases cited therein).

Here, there are no allegations that defendant corporations are shams or the alter egos of Marcus. Accordingly, nothing in the Bankruptcy Code prohibits the claims against defendants Tinton 35, Inc. and Tinton 60, Inc., from being litigated in state court. Furthermore, nothing in the Bankruptcy Code prohibits the claims against defendant Judith Marcus from being litigated in state court.[4] Moreover, our "New Jersey Court ha[s] concurrent jurisdiction with the bankruptcy court to determine the applicability of the automatic stay...." *In re Bona,* 124 *B.R.* 11, 15 (S.D.N.Y.1991) (citing *In re Baldwin–United Corp. Litigation,* 765 *F.*2d 343, 347 (2nd Cir.1985)). Therefore, our court has subject matter jurisdiction over the complaint as against the non-debtor defendants.

As to the complaint, only the First and Second Counts relate to Marcus. Citizens Bank sought judgment only against him for loans on which he alone allegedly is personally liable. As such, the trial court properly dismissed the complaint as against Marcus upon his filing of a bankruptcy petition. However, the trial court improperly dismissed the Third and Fourth Counts against the other defendants. In the Third Count, Citizens Bank sought judgment against Homes. Homes, as a corporation, is a legal entity separate and apart from Marcus. Therefore, the claim asserted in this Count is independent of any claim against Marcus. Further, no issue of indemnification has

---

[4]Section 302 permits the filing of a joint petition by spouses. 11 *U.S.C.A.* § 302(a) (West 1990). However, the record indicates that defendant Judith Marcus did not file for bankruptcy along with her husband defendant Harvey Marcus. Therefore, it is clear that plaintiff Citizens Bank may prosecute this action against her.

been raised in this case, and, therefore, it does not involve the "unusual circumstances" exception discussed in *A.H. Robins Co., Inc. v. Piccinin*, 788 *F.*2d 994, 999 (4th Cir.), *cert. denied*, 479 *U.S.* 876, 107 *S.Ct.* 251, 93 *L.Ed.*2d 177 (1986). Finally, the Fourth Count seeks liability based upon the guaranty agreements allegedly executed by Marcus and non-debtor defendants Judith Marcus, Tinton 35, Inc., Tinton 60, Inc., and Upper 122, Inc. The trial court properly dismissed the Fourth Count of the complaint as against Marcus for lack of jurisdiction. However, the non-debtor defendants are independently liable, and, therefore, the trial court should not have dismissed this Count of the complaint against them.

Accordingly, the order dismissing the complaint against defendants Judith A. Marcus, Homes for Today, Inc., Tinton 35, Inc. and Tinton 60, Inc. is reversed and the matter remanded to the trial court for further proceedings against them.