[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
In January 1991, the plaintiffs, Terrance and Mary Lou Vernes, filed a suit against the defendant, State Street Mortgage Company and against the alleged individual guarantors on four unpaid promissory notes due and owing to plaintiffs. The plaintiffs now seek summary judgment only against the four guarantors as to liability only. The defendant SSMC has been in bankruptcy since August 30, 1991. The motion is granted as to liability only.
 I.
The defendant first claims that the automatic stay for those who file bankruptcy pursuant to 11 U.S.C. § 362(a) which applies to the debtor should also apply to the non-debtor co-defendant guarantors. The court disagrees. The automatic stay should not be applied to the non-debtor co-defendant guarantors because (1) the statutory stay language restricts itself to the debtor; (2) a judgment against the guarantors would not bind the debtor; and (3) application of the stay in this case would deprive the creditor of use of a remedy both creditors and guarantors should have reasonably contemplated at the time the loan and guaranties of it were made.
Generally, the automatic stay does not apply to proceedings against non-debtor co-defendants. Teachers Ins. Annuity Ass'n of America v. Butler, 803 F.2d 61, 65 (2nd Cir. 1986); see also In re Rubenstein, 105 B.R. 198, 201 (Bkrtcy. D.Conn. 1989); In re Metal Center, Inc., 31 B.R. 458, 462 (Bkrtcy. D.Conn. 1983). The plain language of 362 clearly and repeatedly refers to actions against the debtor; it nowhere purports to encompass other related interparty claims. Metal Center, supra. "Where, however, there is such an identity between a debtor and a non-debtor that a judgment against the non-debtor would be binding upon the debtor, the debtor's protection must be extended to enjoin litigation against the nondebtor." Rubenstein, supra.
Under nonbankruptcy law, it is well settled that a guarantor who pays the debt of his principal has a cause of action against the principal for reimbursement. Metal Center, supra. Where a creditor seeks to obtain a judgment against the guarantor, "the issue of validity of the underlying debt must be litigated and established before the imposition of such liability, [which] would have a binding effect upon the principal debtor . . . ." Id. However, bankruptcy alters this binding effect. Since the bankruptcy stay specifically applies to the debtor, the debtor CT Page 4831 cannot be compelled to appear in nonbankruptcy court to defend his or her creditor's or guarantor's claim. Id. 463. Therefore, in a bankruptcy context, the judgment by the plaintiff against the guarantor has no effect on the debtor. Id. Accordingly, the court in Metal Center held "that the debtor would not be bound by any judgment [the plaintiff] might obtain against [the guarantor] in state court, and consequently, [the guarantor] is not protected by the automatic stay." Id. Nevertheless, the court did not remand the plaintiff's action against the guarantor to state court because "the interests of equity and judicial economy dictate that the issues between the debtor, [the plaintiff, and the guarantor] be litigated in the same forum." Id.
Although the facts are substantially different in Rubenstein, the court followed the reasoning in Metal Center. In Rubenstein, the plaintiff foreclosure committee sought fees, which were incurred in an effort to sell the property which was to be foreclosed, from the debtors' mortgage bank. Rubenstein, supra, 201. The court held that "the debtor would not be bound by any judgment that the plaintiff committee might obtain against the [debtors' mortgagee] in state court, and that therefore the [debtors' mortgagee] is not protected by the automatic stay." Id., 202; see also Teachers Ins. Annuity Ass'n of America, supra (bankruptcy stay does not apply to non-debtor co-defendant general partners who are engaged in bad faith efforts to escape from liability imposed by an adverse district court judgment.)
"Judicial economy" is that legal rubric which suggests that a court should not have to try twice what it could accomplish once with all parties present. However, this case cannot now proceed against the debtor because of the bankruptcy filing. The effect of delay of this case against the guarantors, while awaiting a determination whether or not the debtor will be discharged as a result of a straight bankruptcy or some plan of repayment will be approved, is to deprive the creditors of a remedy they and the debtor and guarantors contemplated when first making the loan, namely to recover the amount lent from the guarantors if and when the debtor defaults. Furthermore, if discharge in bankruptcy occurs, the case will never result in any liability of the debtor to either his creditors or the guarantors of his debt, and therefore the potential for duplicative trials and inconsistent judgments about the principal debt is limited.
Concern for the debtor and the effect that a judgment in a case in which the debtor does not participate might have must CT Page 4832 therefore be tempered by the holdings in Metal Center and Rubenstein. First, these cases determined that in a bankruptcy context, the debtor cannot be compelled to appear in nonbankruptcy court to defend his or her creditor's or guarantor's claim and therefore the judgment by the plaintiff against the guarantor has no effect on the debtor. In re Metal Center, supra, 463; In re Rubenstein, supra, 202. As a result, since the debtor will not be bound by any judgment the plaintiff might obtain against the guarantors in state court, the guarantors should not be protected by the automatic stay out of concern that the judgment would bind the debtor. See Id.
Second, several other circuits have held that the bankruptcy stay should not be extended to non-debtor guarantors. Credit Alliance Corporation v. Williams, 851 F.2d 119 (4th Cir. 1988) (automatic stay did not protect guarantor from creditor's action to enforce default judgment entered on the debtor's note); Lynch v. Johns-Manville Sales Corporation, 710 F.2d 1194, 1196-97 (6th Cir. 1983) ("it is universally acknowledged that an automatic stay of proceedings accorded by 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with similar legal or factual nexus to the . . . debtor.") (Emphasis provided.); Ingersoll-Rand Financial Corporation v. Miller Mining Co., Inc.,817 F.2d 1424 (9th Cir. 1987) (automatic stay applied to debtor's appeal, but did not extend to guarantor's appeal); Otoe County National Bank v. W. P Trucking, Inc., 754 F.2d 881 (10th Cir. 1985) (automatic stay did not extend to guarantor of debtor).
Third, the plain language of 362 provides only for the automatic stay of judicial proceedings and enforcement of judgment "against the debtor or property of the estate." (Emphasis added.) See 11 U.S.C. § 362. "Nothing in 362 suggests that Congress intended that provision to strip from creditors of a bankrupt debtor the protection they sought and received when they required a third party to guarantee the debt. Congress knew how to extend the automatic stay to non-bankrupt parties when it intended to do so. Chapter 13, for example, contains a narrowly drawn provision to stay proceedings against a limited category of individual cosigners of consumer debts. See 11 U.S.C. § 1301(a)." Credit Alliance Corporation, supra, 121. Since Congress failed to provide such a provision in the Chapter 11 context, such an extension of the automatic stay was not intended.
Fourth, "[t]he very purpose of a guaranty is to assure the [creditor] that in the event the [debtor] defaults, the [creditor] will have someone to look to for reimbursement." Rojas v. First CT Page 4833 National Ass'n, 613 F. Sup. 968, 971 (E.D.N.Y. 1985). The purpose of obtaining a guaranty would be frustrated by interpreting 362 so as to stay the plaintiff's action against a non-bankrupt guarantor when the defaulting debtor petitioned for bankruptcy. Credit Alliance Corporation, supra, 122. The frustration of the remedy against guarantors is poor public policy to be made by courts. Where lenders cannot recover what was lent when it is due without hindrance or delay, the inevitable result is to restrict the future extension of credit to individuals and the business community.
 II.
The court will now turn to whether summary judgment is appropriately granted on the guarantors, in light of the fact that three of the "guarantors" never physically signed the guaranty; that the language of the guaranty portion of the note states that Jerome Goldman is "duly authorized to guarantee payment of [the] . . . note" on behalf of himself and the other three defendants and questions have been raised as to the existence of a present intent and promise to guarantee the loan; and the defendants' contention that an accord and satisfaction had been reached providing for payments in amounts and at times different from those required by the notes.
The defendants filed no counter affidavit. The plaintiff points out that the defendant guarantors, in their answer to the complaint, admit the notes were executed by them. Their answer of March 7, 1991 states: "The defendants admit that they executed promissory notes in the sums alleged." This is a binding judicial admission made in an answer and therefore there is no substance to the defendants' argument that an issue of fact exists about whether or not the defendants signed the guaranty or whether it was signed by one Jerome Goldman, with the authorization of the other three.
Furthermore, not only have they made these admissions, the defendants have not, by special defense, pled any lack of authority on the part of Goldman to bind the other three guarantors. Pleading of such an averment must be done by special defense according to the Rules of Practice. The defendants have not, nor could they, offer proof of any such special defense without such a pleading.
In arguing the motion, the defendants claim that the words of the guaranty do not suffice in and of themselves to show a present intent to be bound. Again, the defendants offer no counter CT Page 4834 affidavit, but argue that the language of the guaranty is not sufficient to permit judgment as a matter of law. The guaranty reads:
 The undersigned is duly authorized to guarantee payment of this Note on behalf of James M. Breiner, David Engelson, Louis I. Cohen and Jerome Goldman pursuant to a Power of Attorney, the original of which is on file at the office of The State Street Mortgage Company and available for inspection by the holder of any Note executed by The State Street Mortgage Company. Said guarantors do hereby waive due presentment and notice of dishonor and guarantee payment of the said Note without the necessity of recourse against the Payor.
 James M. Breiner David Engelson Louis I. Cohen Jerome Goldman
 By: Jerome Goldman, Individually and as Attorney-in-Fact
This language appears on a preprinted form in which the name of each guarantor is preprinted. The first sentence, when read with the second, contains an unequivocal guaranty by the guarantors. It states that they "guarantee payment" of the note.
The defendants also raise the statute of frauds, which requires an instrument in writing before someone can be bound to answer for the debt, default or miscarriage of another. The simple answer to this argument is that by their answer, the defendants admitted "that they executed promissory notes in the sums alleged". That admission is a binding one upon them and obviates need for proof.
The defendants also argue that the summary judgment should not be granted because there was a modification of the notes by the plaintiffs' acceptance of part payments or payments on a schedule different from that required by the notes. The defendants offered no evidence of that contention by way of affidavit, deposition or similar filing. See P. B. 379, 380; Duhaime v. American Reserve Life Ins. Co, 200 Conn. 360, 363 (1986). Therefore, this bare argument does not then warrant denial of summary judgment.
Summary judgment is appropriate as to the defendant guarantors' liability on the notes and judgment is therefore CT Page 4835 ordered in favor of the plaintiffs and against the defendant guarantors James M. Breiner, David Engelson, Louis I. Cohen and Judith Goldman, Executor of the Estate of Jerome Goldman, as to liability only on the notes. The clerk is ordered to assign this matter for a hearing in damages.
Flynn, J.