UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

In Re: G & L DRYWALL,
INCORPORATED,

                                    *Debtor.*

---

E. BRUCE GREER, Trustee for G & L
Drywall, Incorporated,                          No. 02-1230
                    *Plaintiff-Appellant,*

            v.

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY,
                    *Defendant-Appellee.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-01-3088-CCB, BK-00-60627-JS, AP-01-5079-JS)

Argued: April 1, 2003

Decided: April 30, 2003

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Edward Lee Blanton, Jr., EDWARD L. BLANTON, JR.,
P.A., Baltimore, Maryland, for Appellant. David Stanley Klein,

DAVID STANLEY KLEIN, L.L.C., Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

E. Bruce Greer, as trustee for G & L Drywall, Inc., the debtor in this Chapter 11 bankruptcy proceeding, commenced this adversary action against Hartford Life & Accident Insurance Company ("Hartford") to hold Hartford in contempt of court for continuing to prosecute a state court action against Greer individually, in violation of 11 U.S.C. § 362(a), which stays all litigation against the debtor. The bankruptcy court entered summary judgment against Greer because Hartford's state suit named Greer individually as the defendant, not G & L Drywall, the debtor. On appeal, the district court affirmed, and we now too affirm.

G & L Drywall was formed as a Maryland corporation to carry on the construction business. In October 1996, Maryland revoked G & L Drywall's corporate charter for the nonpayment of taxes. Under Maryland law, when a corporate charter is forfeited, the directors of the corporation become the trustees of the corporation's assets for purposes of liquidation until a court appoints a receiver. Md. Code Ann., Corps. & Ass'ns § 3-515(a). Greer asserts that he is such a trustee.

In early 1998, Greer purchased a worker's compensation insurance policy, effective May 1, 1998, and a general liability insurance policy, effective July 1, 1998, on behalf of G & L Drywall from Hartford in order to continue G & L Drywall's construction business and to complete the construction of various structures it had begun. Later in 1998, Hartford canceled the two policies for the nonpayment of pre-

miums. After it audited G & L Drywall's accounts, Hartford determined that G & L Drywall owed Hartford $47,216, an amount that is not disputed.

In October 1999, Hartford commenced an action against Greer individually and trading as G & L Drywall, in the Circuit Court for Harford County, Maryland. The complaint alleged that Greer was personally liable because G & L Drywall had become a sole proprietorship under Maryland law when the corporate charter was forfeited in 1996.

Greer, acting as trustee for G & L Drywall, filed a petition under Chapter 11 of the Bankruptcy Code on August 24, 2000, and thereafter filed a suggestion of bankruptcy in the state court proceedings, seeking a stay pending resolution of G & L Drywall's bankruptcy proceedings. Greer asserted in state court that he had become trustee for G & L Drywall as a matter of law when the corporate charter was forfeited and that he contracted with Hartford for the insurance policies in his status as trustee, not as an individual. Accordingly, he contended that the state court was obligated to stay the proceeding there pursuant to 11 U.S.C. § 362(a).

The state court denied Greer's motion for a stay, explaining that the Maryland Code provides for the transfer of corporate assets to directors as trustees for the benefit of creditors once a corporate charter has been forfeited, but only for the purpose of winding up the affairs of the corporation. Because Hartford's complaint against Greer alleged that Greer had been engaged in more than just winding up the corporation's affairs and continued to do business, including entering into new contracts using the G & L Drywall name, the court held that Greer would not be relieved of personal liability if Hartford proved its allegations. Accordingly, the state court held that the stay provided by 11 U.S.C. § 362(a), which was applicable only to G & L Drywall, did not prevent Hartford from prosecuting the case against Greer individually. After the state court denied Greer's motion for a stay, Greer, as an individual, filed a third-party claim for indemnity against himself as trustee for G & L Drywall.

Greer, as trustee for G & L Drywall, commenced this adversary proceeding in G & L Drywall's bankruptcy proceedings against Hart-

ford, seeking a judgment holding Hartford in contempt of court for continuing to pursue the state court action in violation of 11 U.S.C. § 362(a). The bankruptcy court entered summary judgment in favor of Hartford, stating that "[t]he defendant has not violated the automatic stay because the case proceeding in the Circuit Court for Harford County is not against the debtor and the underlying claim appears to have been incurred by Greer individually while trading as G & L Drywall, Inc." On appeal, the district court affirmed the bankruptcy court's judgment.

Greer now contends that the district court erred in refusing to hold Hartford in contempt for continuing to prosecute the state court action in violation of the automatic stay provision of 11 U.S.C. § 362(a). He argues that he purchased the insurance from Hartford as a trustee for G & L Drywall and that, as a trustee for G & L Drywall, he is protected by § 362(a). He also argues that his third-party claim against himself as G & L Drywall will implicate the bankruptcy estate. We find both arguments unpersuasive.

The stay provision of § 362(a) provides that a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor*." 11 U.S.C. § 362(a)(1) (emphasis added). We have previously stated that "the plain language of § 362 . . . provides only for the automatic stay of judicial proceedings and enforcement of judgments against the debtor or the property of the estate." *Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121 (4th Cir. 1988) (quotation marks omitted). Because Greer individually is the defendant in the state court proceeding, he is not protected by the bankruptcy of G & L Drywall, who is the debtor. Although there is an as-yet-unresolved dispute about whether Greer purchased the insurance in his capacity as trustee or as a sole proprietor, continuation of the state court's action permits Hartford to make its case that Greer is personally liable without creating any risk of a judgment against G & L Drywall. On the one hand, if the state court rules that Greer was acting as trustee for G & L Drywall, then it must dismiss Hartford's action against Greer individually. On the other hand, if the state court rules that Greer was not acting as trustee, any resulting judgment against

Greer individually is not a judgment against Greer as trustee for G & L Drywall, the debtor.

The same reasoning would apply to Greer's argument that his third-party claim implicates the bankruptcy estate. A closer analysis reveals the fallacy of this argument because the third-party defendant, G & L Drywall, could never be liable. If Hartford's action against Greer as an individual succeeded, Greer individually would be liable and G & L Drywall would not be liable. On the other hand, if Hartford failed in its action against Greer as an individual because Greer was acting as a trustee, Greer's third-party claim against himself as trustee for G & L Drywall would be moot. Thus, Greer cannot demonstrate how a state court judgment imposing *personal* liability on him — a *necessary condition* of which is the finding that he was *not* acting as trustee for G & L Drywall — would in effect be a judgment against G & L Drywall.

Although we have previously recognized that a bankruptcy court has the power to stay actions against a non-debtor, *see, e.g.*, *A. H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986), such a stay is only appropriate in the "unusual situation" where the interests of the debtor and the non-debtor are so intertwined that a judgment against the non-debtor is, in effect, a judgment against the debtor. This is not such a case, however. A judgment against Greer in the state court will relieve G & L Drywall of any liability. And a judgment in favor of Greer in the state court will moot any third-party claim against the debtor. Thus, claims against Greer and G & L Drywall are mutually exclusive, not intertwined as was the case in *A. H. Robins*.

Accordingly, the judgment of the district court is

*AFFIRMED*.