**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3402-19

SHREE JI, INC.,

      Plaintiff-Respondent,

v.

WATCHUNG LIQUORS,
INC.,[1] and ANIL KUMAR,

      Defendants-Appellants.

_____

Submitted May 12, 2021 – Decided June 8, 2021

Before Judges Fuentes and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-3820-17.

Law Offices of S.K. Gupta, PC, attorneys for appellants (S.K. Gupta, on the brief).

Wiley Lavender, PC, attorneys for respondent (Pankaj Maknoor, on the brief).

PER CURIAM

---

[1] Improperly pled as Watgung Liquors, Inc.

Defendants Anil Kumar and Watchung Liquors, Inc. appeal from portions of a February 14, 2020 Law Division order that denied their motion to transfer venue to Union County, and denied Watchung Liquors' motion to vacate default judgment in favor of plaintiff Shree Ji, Inc. We affirm.

We summarize the relevant facts and protracted procedural history from the record before the motion judge. Plaintiff is the owner of commercial property located in Plainfield. Kumar is the president and sole owner of Watchung Liquors, a New Jersey corporation. In 1998, plaintiff leased the property to Plainfield Liquors, Inc., the predecessor of Watchung Liquors. Pursuant to the terms of the lease agreement, Watchung Liquors was required to pay real estate taxes and late fees, in addition to monthly rent. Under certain circumstances, including assignment to another tenant, plaintiff was entitled to increase the monthly rent by $200.

In 2001, the lease was assigned to Watchung Liquors. Thereafter, Watchung Liquors repeatedly failed to make required payments, including taxes and additional rent. Despite plaintiff's demands, the rent and additional fees remained in arrears. In 2011, the parties executed a promissory note, obligating Watchung Liquors to pay the $23,000 arrearages through monthly payments of $1000, plus $3500 per month for rent and taxes. Kumar personally guaranteed

the note.  Watchung Liquors failed to comply with the terms of the note and the present action ensued.

On June 23, 2017, plaintiff filed a complaint for breach of contract and related causes of action.  On July 6, 2017, Kumar accepted service of the complaint on behalf of himself and Watchung Liquors.  Defendants failed to answer or otherwise respond to the complaint within thirty-five days of service. R. 4:6-1(a).  On September 13, 2017, plaintiff filed a request to enter default against both defendants.

On November 15, 2017, Kumar filed a pro se voluntary petition for reorganization under Chapter 13 of the United States bankruptcy code.  Notably, Kumar did not name plaintiff as a creditor, and Watchung Liquors did not file bankruptcy proceedings.

Unaware of Kumar's bankruptcy petition, plaintiff moved to enter default judgment against both defendants on February 8, 2018.  Defendants did not oppose the motion and the court decided the motion on the papers.  In support of its motion, plaintiff filed the certification of its representative and several documents, including the lease agreement and bank statements.  On March 2, 2018, the trial court entered default judgment against both defendants for $57,315.

A-3402-19

On October 16, 2018, Kumar amended his bankruptcy petition and included plaintiff on his schedule of creditors. Thereafter, plaintiff was notified that Kumar sought to modify his Chapter 13 bankruptcy plan. Accordingly, on December 4, 2018, plaintiff filed a proof of claim with the bankruptcy court; Kumar did not file an objection. See 11 U.S.C. § 502. On December 11, 2018, Kumar's case was voluntarily converted to a petition for liquidation pursuant to Chapter 7 of the bankruptcy code. The bankruptcy court issued an order of discharge on March 15, 2019. 11 U.S.C. § 727.

On March 21, 2019, Kumar moved in the bankruptcy court to void plaintiff's judgment lien for $57,315, and plaintiff opposed the motion. Thereafter the parties resolved their dispute. Accordingly, on April 26, 2019, the bankruptcy court filed a consent order, reflecting Kumar withdrew his motion and plaintiff's judgment lien "remain[ed] unaffected by the [m]otion."

Meanwhile, around March 4, 2019, plaintiff filed a landlord-tenant action against Watchung Liquors in Union County Superior Court, seeking judgment of possession for nonpayment of rent. Thereafter, the case was transferred to

the Union County Law Division, and plaintiff filed an amended complaint, adding claims for damages.[2]

On November 26, 2019, Kumar moved pro se on behalf of himself and Watchung Liquors to vacate the default judgment against defendants and to consolidate this action with the Union County matter. The trial court thereafter adjourned the motion to permit Watchung Liquors to retain counsel, see R. 1:21-1(c), who filed a new motion seeking the same relief as Kumar's pro se application.

Defendants contended the judgment was entered in violation of Kumar's bankruptcy stay and, as such, the judgment was void ab initio under Rule 4:50-1(d). In the alternative, defendants asserted the circumstances of Kumar's bankruptcy established excusable neglect, relieving both defendants from plaintiff's final judgment under Rule 4:50-1(a). In that context, defendants claimed that because their motion was filed within one year of the conclusion of Kumar's bankruptcy matter on March 15, 2019, it was timely under Rule 4:50-2.

---

[2] Watchung Liquors vacated the premises on January 1, 2020. As of the filing of this appeal, the Union County tenancy case was still pending.

Following argument on February 14, 2020, the trial court rendered a decision from the bench, denying the motion to vacate default judgment as it pertained to Watchung Liquors, only. The court correctly recognized the automatic stay only relieved Kumar from the judgment here, where Kumar filed a bankruptcy petition under "Chapter 13 as an individual." Because Kumar "did not file bankruptcy for Watchung Liquors[,] Chapter 13 is not available to the corporation as an avenue to discharge [the judgment]." Accordingly, the court concluded "default judgment was properly entered" against Watchung Liquors. The court reasoned the approximate twenty months between entry of judgment and the motion to vacate "far exceed[ed] the reasonable amount of time and the one-year time limit for claims falling under Rule 4:50-1(a), (b) or (c)[,]" and Watchung Liquors failed to demonstrate excusable neglect.

Similarly, the trial court determined defendants' motion to transfer the matter to Union County was untimely because plaintiff was served with the complaint in this matter on July 6, 2017. See R. 4:3-1(b) (requiring a filing of a motion to transfer within ten days of the last responsive pleading). In doing so, the court noted "[t]he Union County matter is close[] to a resolution." The court issued a memorializing order the same day.

On March 27, 2020, the court denied plaintiff's ensuing motion for reconsideration of the portion of the February 14, 2020 order that vacated default judgment against Kumar.[3] This appeal followed.

The decision whether to grant a motion to vacate a default judgment is "left to the sound discretion of the trial court." Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993). We will not reverse the court's decision under Rule 4:50-1 absent "a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012); see also U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016). An appellate court may reverse, however, when the trial court's decision was not supported by a rational explanation. See Guillaume, 209 N.J. at 467.

Rule 4:50-1 is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Mancini, 132 N.J. at 334. The rule establishes six alternative grounds for relief from a final judgment, whether obtained by default or after trial. In the present matter,

---

[3] Inexplicably, defendants' notice of appeal indicates Kumar is appealing from the March 27, 2020 order that denied relief in Kumar's favor. Plaintiff has not cross-appealed from that order.

defendants moved for relief under subsection (d) and, alternatively, subsection (a).

A final judgment can be set aside under subsection (d) if the party seeking relief can demonstrate the judgment was void. A motion seeking relief under Rule 4:50-1(d) generally must be filed "within a reasonable time." R. 4:50-2.

Similar to defendants' argument before the trial court, Watchung Liquors contends on appeal that the judgment is void under Rule 4:50-1(d). Watchung Liquors asserts the automatic stay in Kumar's bankruptcy action likewise stayed the Law Division action against the corporate entity. Plaintiff concedes the automatic stay applied to Kumar and, as such, the judgment against him, individually, is void. However, plaintiff maintains Watchung Liquors does not meet any of the criteria that would extend the automatic stay to the corporate entity. We agree.

The filing of a petition initiates a bankruptcy action and operates as an order for relief granting the debtor the protections of the bankruptcy code. 11 U.S.C. § 301(a) and (b). The most fundamental protection triggered by a bankruptcy filing is the immediate imposition of an automatic stay, which prevents all efforts against the debtor to collect pre-petition obligations. 11

U.S.C. § 362(a)(1); <u>Celotex Corp. v. Edwards</u>, 514 U.S. 300, 314 (1995) (Stevens, J., dissenting).

The automatic stay becomes effective immediately upon the filing of the petition and the broad language of the bankruptcy code section is designed to prevent a creditor's coercion of a debtor. <u>See</u> <u>Borman v. Raymark Indus., Inc.</u>, 946 F.2d 1031, 1032-33 (3d Cir. 1991). A creditor seeking to proceed against the debtor may apply to the bankruptcy court for relief from the stay. 11 U.S.C. § 362(d). Absent such relief, the stay remains in full effect until the bankruptcy case is concluded. 11 U.S.C. § 362(c).

We have "recognized that the automatic stay provisions of the bankruptcy code ordinarily apply only to the debtor and its property and do not protect a corporation owned by or in which the debtor has an interest." <u>In re Mut. Benefit Life Ins. Co.</u>, 258 N.J. Super. 356, 377 (App. Div. 1992). Moreover, "the automatic stay does not protect a corporation owned by the debtor." <u>Citizens First Nat'l Bank v. Marcus</u>, 253 N.J. Super. 1, 5 (App. Div.1991). "A corporation is regarded in law as an entity distinct from its individual officers, directors, and agents." <u>Printing Mart-Morristown v. Sharp Elecs. Corp.</u>, 116 N.J. 739, 761 (1989).

A-3402-19

Nonetheless, "courts have extended the automatic stay to nonbankrupt codefendants in 'unusual circumstances,'" under 11 U.S.C. § 362(a)(1). McCartney v. Integra Nat'l Bank N., 106 F.3d 506, 510 (3d Cir. 1997) (quoting A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986)). Courts have extended the stay in two particular situations, where: (1) "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor"; and (2) the "stay protection is essential to the debtor's efforts of reorganization." Ibid. Neither of those situations is applicable in the present matter.

Nor do we find any merit to Watchung Liquors' reprised argument that default judgment should have been vacated due to exceptional circumstances under Rule 4:50-1(a). Under that subsection, a party may seek relief from a judgment by demonstrating "mistake, inadvertence, surprise, or excusable neglect." A motion to vacate under Rule 4:50-1(a) must be brought "within a reasonable time" but not later than one year after judgment. R. 4:50-2.

In the present matter, the default judgment was filed on March 2, 2018, and notice was sent to defendants on March 13, 2018. But defendants did not move to vacate the judgment until November 26, 2019 – more than one year and

A-3402-19

a half after the default was entered. We therefore discern no basis to disturb the trial court's decision that the motion was untimely.

Moreover, excusable neglect refers to a default that is "attributable to an honest mistake that is compatible with due diligence or reasonable prudence." Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012) (internal quotation marks omitted). The type of mistake entitled to relief under the rule is one the party could not have protected itself against. DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 263 (2009). We have recognized a defendant's promptness in moving to vacate a default judgment is a factor that supports granting the motion. Reg'l Constr. Corp. v. Ray, 364 N.J. Super. 534, 541 (App. Div. 2003) (affirming a finding of excusable neglect "when examined against the very short time period between the entry of default judgment and the motion to vacate"); Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 428 (App. Div. 2003) (noting the "speed and diligence with which [defendant] moved to attempt to vacate the default judgment").

Although not expressly included in the rule it is well settled that a defendant claiming excusable neglect must also demonstrate a meritorious defense. Marder v. Realty Constr. Co., 84 N.J. Super. 313, 318 (App. Div. 1964). We have recognized "[i]n some circumstances" judges can use their

discretion to vacate the judgment where the defendant proffers a meritorious defense even if the defendant fails to demonstrate excusable neglect. See Siwiec v. Fin. Res., Inc., 375 N.J. Super. 212, 219-20 (App. Div. 2005).

Here, Watchung Liquors' excusable neglect argument is inaptly intertwined with the relief afforded Kumar under the bankruptcy stay. Watchung Liquors also feigns ignorance as to when the judgment – and the underlying complaint – were filed, "suggest[ing] that [Kumar] was not aware of the litigation, as it would have been in his own interest to list . . . plaintiff's claims in his bankruptcy [petition], and to seek their discharge." Watchung Liquors' argument ignores the fact that Kumar accepted service of the complaint on the corporation's behalf about four months before Kumar filed his initial bankruptcy petition.

Defendants' remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3402-19