436 F.2d 337
 Ernest KLEIN, Plaintiff-Appellant,
v.
ADAMS & PECK, Defendant,
Spear, Leeds & Kellogg, James Crane Kellogg III, and Raymond E. Grabowski, Defendants-Appellees.
Ernest KLEIN, Plaintiff-Appellant,
v.
WOOD, WALKER & CO., Defendant,
Spear, Leeds & Kellogg, James Crane Kellogg III, and Raymond E. Grabowski, Defendants-Appellees.
 No. 175.
 Docket 34672.
 United States Court of Appeals, Second Circuit.
 Argued November 10, 1970.
 Decided January 4, 1971.
 
 Ernest Klein, pro se.
 Denis B. Sullivan, Reavis & McGrath, New York City, for defendants-appellees.
 Before SMITH and FEINBERG, Circuit Judges, and LEVET,* District Judge.
 J. JOSEPH SMITH, Circuit Judge.
 
 
 1
 These cases constitute two of the many actions brought by this plaintiff in the federal courts against these defendants and other stockbrokers and stock exchange specialists. In addition, plaintiff has filed numerous actions against the very same defendants in the New York State Supreme Court, Kings County. The charges of wrongdoing alleged in apparently all the federal actions (though generally different transactions are referred to) is that the defendants, in their capacities as stockbrokers and stock exchange specialists for the stock of Superior Oil Company of California, bought and sold shares of that stock at prices claimed to be fictitious, arrived at by fraudulent manipulation of the market for that stock. Plaintiff charges that the activity of defendants violated certain provisions of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78i, 78j. In his state actions, plaintiff alleged basically common law fraud.
 
 
 2
 Defendants moved for orders dismissing both actions upon the ground that they were commenced in bad faith and constituted an abuse of court process, or, in the alternative, for orders granting summary judgment and dismissing both actions. As a final alternative, defendants moved for orders pursuant to section 9(e) of the Securities Exchange Act of 1934 (15 U.S.C. § 78i(e)), section 11(e) of the Securities Act of 1933 (15 U.S.C. § 77k(e)), and Rule 2 of the Civil Rules of the District Court, requiring plaintiff to furnish an undertaking for the payment of the costs of each action.
 
 
 3
 The motions were heard by Judge Thomas F. Murphy. While he did not dismiss the actions, Judge Murphy stayed plaintiff from proceeding further in these cases until he filed a bond of $5,000 as security for costs and reasonable counsel fees. In addition, he enjoined plaintiff from prosecuting any of the actions pending in the District Court for the Southern District of New York except these two actions and one other heard by Judge Murphy but not involved in this appeal.
 
 
 4
 Plaintiff charges that the actions of the lower court in requiring the posting of a $5,000 bond and enjoining plaintiff's other pending actions were error and constitute an abuse of discretion. The requirement of security is not a final decision from which an appeal may be taken. Although orders denying applications for the posting of security are appealable when the issue is the power of the court to give the requested relief, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545-547, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), this court has held that where the issue concerns the abuse of the court's discretion in ruling upon the question of posting security, "the likelihood of reversal is too negligible to justify the delay and expense incident to an appeal and the consequent burden on hard pressed appellate courts." Donlon Industries, Inc. v. Forte, 402 F.2d 935, 937 (2d Cir. 1968). See also Bancroft Navigation Co. v. Chadade Steamship Co., 349 F.2d 527, 529 (2d Cir. 1965). There is no question here of security set so high as effectively to terminate the litigation.
 
 
 5
 The same does not hold true with regard to the sweeping injunction issued by the lower court. Defendants contend that since no enjoined action is the subject of this appeal and since plaintiff appears to be proceeding with his actions in any case, an appealable order will exist only if and when an effort is made to enforce the directive of Judge Murphy. But there is a difference from plaintiff's point of view between proceeding under threat of a contempt citation and proceeding free from such danger. Because Judge Murphy's directive is an injunction which unconditionally bars plaintiff from proceeding in his other actions, that order is a decision from which appeal may be taken.
 
 
 6
 Since the injunction issue is properly before us on appeal, we must determine the merits of that question. The right to proceed in court should not be denied except under the most extreme circumstances. We do not feel that it was sufficiently shown that such circumstances exist in this case. The mere fact that plaintiff is litigious is not an adequate basis from which to conclude that all his actions are meritless. The order granting injunction is vacated. The appeal from the order requiring bond is dismissed.
 
 
 7
 However, in view of the large number of actions brought by plaintiff and the general similarity among them, we suggest to the District Court that for purposes of their efficient disposition all his many cases be assigned to a single District Judge, who can govern the order of proceeding in all.
 
 
 
 Notes:
 
 
 *
 Senior District Judge for the Southern District of New York, sitting by designation