Marc ALAIA and Marla Zerrer, f/k/a Marla Alaia

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED and Jack Cully

and

Jack Cully

v.

Marc Alaia and Maria Alaia.

Appeal of Merrill Lynch, Pierce, Fenner & Smith Incorporated, Appellant.

Superior Court of Pennsylvania.

Argued April 25, 2007.

Filed June 11, 2007.

---

William E. Mahoney, Jr., Philadelphia, for appellant.

Scott M. Hare, Pittsburgh, for Alaia, appellee.

Paul R. Yagelski, Pittsburgh, for Cully, appellee.

BEFORE: McCAFFERY, DANIELS and POPOVICH, JJ.

OPINION BY DANIELS, J.:

¶ 1 These are Consolidated Appeals from the Order of the lower court granting the Petition of Appellees, Marc and Maria Alaia ("the Alaias"), to partially modify the Award of the arbitrators in a common law arbitration proceeding. Appellee, Jack Cully, filed a similar Petition in the lower court. Merrill Lynch was the Defendant named in both of said Petitions, and is also the Appellant in both of these Consolidated Appeals.

¶ 2 The factual background and procedural history of this case, which are not disputed, are stated in the Opinion of the lower court as follows:

"Marc Alaia and Maria Alaia ("ALAIA") executed a client Agreement with Merrill Lynch, Pierce, Fenner & Smith, Inc. ("MERRILL LYNCH") for the management of ALAIA's funds, including investments and the like. Jack Scully ("SCULLY") was employed by MERRILL LYNCH and was the broker for ALAIA.

In essence, ALAIA claimed mismanagement of their brokerage account with MERRILL LYNCH, which employed CULLY as the account executive.

Under the terms of the Agreement that they had with MERRILL LYNCH, ALAIA commenced an action through the NASD alleging a breach of that Agreement, negligence and violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") [1].

With respect to the breach of contract claim ("CLAIM 1"), ALAIA only asserted that as to MERRILL LYNCH. As to the negligence claim ("CLAIM 2"), they asserted it as to both MERRILL LYNCH and CULLY, jointly and severally. After the hearing before the NASD panel, an Arbitration Award ("AWARD") was entered on September 9, 2004 wherein ALAIA was awarded damages on CLAIM 1 in the amount of $12,609.14 against MERRILL LYNCH and CULLY; but as to CLAIM 2, they were awarded $140,000 against CULLY only.

---

1. According to the pleadings in this matter, the UTPCPL claim was withdrawn by ALAIA at the Arbitration Hearing.

ALAIA then filed the within action to modify the AWARD. Essentially, ALAIA claims that the AWARD is "irregular" in that CLAIM 1 should be against only MERRILL LYNCH and that CLAIM 2 should be against both MERRILL LYNCH and CULLY, jointly and severally, since that was the nature of their respective claims, and whom would be properly liable under each theory of their action.

CULLY also initiated a similar action and request, and essentially concurred with ALAIA. He maintained that he was an employee of MERRILL LYNCH, which assertion MERRILL LYNCH did not rebut at the Arbitration Hearing.

Thus, he should be afforded the protection of claims against him as a "servant" under the doctrine of *respondeat superior*, wherein the negligence of an "employee" or "servant" is imputed to the employer. It is those two requests that were before me on April 19, 2006." (R.R. 247(a)–250(a)).

¶ 3 Thus, it was undisputed that Appellee, Jack Cully, an employee of Merrill Lynch, was assigned by Merrill Lynch to handle the Alaias' account and to perform pursuant to the management agreement with Merrill Lynch, which contained a final and binding arbitration agreement for the resolution of disputes. (R.R. 932).

¶ 4 When the Arbitration Statement of Claim was filed with the Arbitration Department of the National Association of Securities Dealers by the Alaias, such claim set forth three (3) separate causes of action: (1) breach of contract; (2) negligence; and (3) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law[2]. The Defendants were Merrill Lynch, Jack Cully and Timothy Miller. Cully and Miller were employed by Appellant (Merrill Lynch) herein. The claim alleged, basically, that Appellant had charged a fee of one and one-half percent (1.5%), rather than the one percent (1%) as called for in the management agreement. When this was brought to the attention of Appellant, Appellant corrected the fee being charged, but only prospectively, and refused to refund claims for past overcharges, *i.e.*, those charges made to the Alaias prior to their learning of the overcharge.

¶ 5 Count I of the arbitration claim set forth a breach of contract claim *against Merrill Lynch only,* seeking to recover the past overcharges that Merrill Lynch had refused to refund. In their request for relief on Count I, the Alaias demanded judgment in their favor "... *against defendant Merrill Lynch [only]* ...". (R.R. 882). (Emphasis Added).

¶ 6 In Count II of their claim, the Alaias charged that all Defendants were negligent in failing to execute certain trades as instructed by them, which imposed excess income tax liability upon them. In their request for relief in Count II of the arbitration claim, the Alaias demanded that the arbitrators enter judgment in their favor "... *against* all *defendants,* jointly and severally, and ... award damages in an amount to be determined at trial, together with interest, attorneys' fees, costs and such other damages as [the arbitrators] deemed appropriate". (R.R. 892). (Emphasis Added).

¶ 7 In an Amended Statement of Claim, the Alaias modified the amount of their claim in Count II (Negligence) from $8,241.00 to $190,000.00. (R.R. 967). An Answer to the Statement of Claim was filed on behalf of all three (3) Defendants by the same attorney. There was no deni-

2. See footnote 1, *supra*.

al of the averment that the individual defendants (Cully and Miller) were employees of Appellant, Merrill Lynch, and were acting on behalf of Appellant, Merrill Lynch, in the servicing of the Alaias' account. (R.R. 982 to 1032). At the evidentiary hearing that was held before the arbitrators, the evidence presented conformed to the pleadings filed by the parties, and the relief requested by the Alaias was in accordance with their Statement of Claim, as referenced in Counts I and II above.

¶ 8 Although in their Statement of Claim in Count I, the Alaias sought breach of contract damages *against appellant, Merrill Lynch only*, in the face of such claim against Merrill Lynch only, the arbitrators, inexplicably, awarded the Alaias $12,609.44 *against both Merrill Lynch and Cully*, jointly and severally. In contrast, with respect to the Count II negligence claim, which the Alaias asserted *against both Merrill Lynch and Jack Cully*, as Merrill Lynch's Agent (its sales representative), the arbitrators rendered an award *against Cully only* in the amount of $140,000.00. Such awards are impossible to reconcile with the Alaias' claims for relief, or to justify under the facts, the law, or any equitable considerations involved in this matter. Thus, the relief granted by the lower court was entirely appropriate.

¶ 9 The Pennsylvania statute applicable to vacating or modifying awards in arbitration, 42 Pa.C.S.A. § 7341, provides:

The award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration) or a similar statute regulating non-judicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that *a party was denied a hearing or that fraud, misconduct, corruption, or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.* (Emphasis Added).

¶ 10 Pursuant to that statute, the lower court entered an Order, on April 19, 2006, in which it stated, in part:

"... the court finds that the NASD Arbitration Award as to Count I and II of Petitioners' Arbitration Statement of Claim exhibit an *irregularity* that results in an *unjust, inequitable* or *unconscionable award* ... ". (Emphasis Added). (Appellant's Brief, p. 2).

¶ 11 The lower court then modified the arbitration award as follows:

1. Count I—Breach of Contract.
   Award modified so as to vacate the award against Jack Cully.

1. Count II
   Award modified so as to reflect that Merrill Lynch and Cully are jointly and severally liable and shall pay claimants $140,000.00. (Appellant's Brief, p. 2).

¶ 12 In citing the reasons for its Order, the lower court noted the following:

1. Cully had no contract with the Alaias.

2. Cully was merely an agent, servant and/or employee of Merrill Lynch.

3. The Alaias never had a contract with Cully—only with Merrill Lynch.

4. The claim in Count I (Breach of Contract) requested damages against Merrill Lynch only.

5. The negligence claim (Count II) was asserted jointly and severally against both Merrill Lynch and Cully.

6. The hearing conducted before the arbitrators proceeded under those theories based upon the pleadings. (Lower Court Opinion; Appellant's Brief, Appendix).

¶ 13 Thus, the lower court concluded that the award of the arbitrators altered the claim of the Alaias so as to grant them relief against a party (Cully) from whom they had not sought damages for breach of contract (Count I-awarding damages in breach of contract against Cully), and similarly altered the claim of the Alaias so as to award them damages for negligence in the amount of $140,000.00 against Cully only, although relief was sought *against both Merrill Lynch and Cully*, jointly and severally, based upon a factually undisputed *respondent superior* relationship (Count II—awarding damages for negligence).

¶ 14 This Court is in agreement with such determinations by the lower court. The award of the arbitrators was clearly flawed, totally irregular and completely contrary to the claims for relief sought by the Alaias, so as to reek of misconduct or some other irregularity in the arbitration process itself, thereby resulting in the rendition of an "unjust, inequitable or unconscionable award". (See 42 Pa.C.S.A. § 7341).

¶ 15 We believe that this case is governed by the principles enunciated by the Supreme Court of Pennsylvania in *Allstate Insurance Co. v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973). In that case, Allstate filed a Petition to set aside an award in favor of claimant. Claimant filed Preliminary Objections (demurrer), and a Request to Strike Allstate's Petition. The lower court sustained claimant's objections, struck Allstate's Petition, and entered a Judgment on the arbitration award. This Court affirmed and, thereafter, *allocatur* was granted by the Supreme Court of Pennsylvania, which affirmed this Court in stating:

"We decline to speculate about how the arbitrators reached the instant decision. It should be noted, however, that such a cavalier approach runs the risk of jeopardizing the use of the arbitration process, a system designed to provide an expeditious and inexpensive method of resolving disputes with the further winning attribute of helping to ease congested court calendars, by creating widespread disrepute. *It is possible to hypothecate an arbitration award which imports such bad faith, ignorance of the law and indifference to the justice of the result as to cause us to give content to the phrase 'other irregularity' since it is the most definitionally elastic of the grounds for vacatur. While we do not feel the present case achieves that dubious distinction, we are not without power to act should such a case arise."* *Allstate, supra*, 451 Pa. at 116, 299 A.2d at 589. (Emphasis Added).

¶ 16 This is such a case, and it cries out for judicial intervention! Thus, this Court concludes that the award of the arbitrators in this case was so manifestly irregular and drastically contrary to the relief sought by the Alaias so as to, in effect, change the Statement of Claim filed by them, with the resultant rendition of awards that were totally inconsistent with their claims for relief as asserted under the incontroverted facts presented to the arbitrators. Such a procedural irregularity involved a flagrant abuse of the arbitration process and displayed a palpable indifference on the part of the arbitrators to the justice of the result, since the arbitrators altered the Alaias' claim by entering an award against a party (Cully) from whom claimants had sought no relief (Count I), while, at the same time, failing to enter an award against a party (Merrill Lynch) from whom claimants had requested relief for negligent conduct based upon the doctrine of *respondent superior* (Count II). Thus, this procedural irregularity in

the arbitration process itself warranted the judicial intervention of the lower court to rectify an unjust, inequitable and unconscionable award, in accordance with 42 Pa. C.S.A. § 7341.[3]

¶ 17 For the reasons stated above, the Order of the lower court is hereby affirmed.

¶ 18 Order affirmed.

¶ 19 McCAFFERY, J. CONCURS IN THE RESULT.

---

**3.** Our decision today does not in any way affect or undermine the vitality of our previous decisions in *F.J. Busse Co., Inc. v. Sheila Zipporah, L.P.,* 879 A.2d 809 (Pa.Super.2005), and *Bridges PBT v. Chatta,* 821 A.2d 590 (Pa.Super.2003), in that in both of those cases this Court concluded that the arbitration awards (if defective in any respect) involved permissible errors of law, and not an impermissible irregularity in the conduct of the arbitration process itself as is the case in this matter.