McGinn, Smith & Co., Inc. v. Chang

*Christine M. Debevec, Michael B. Tolcott,* and *Gilbert B. Abramson,* for plaintiffs.

*Garth Noyt* and *Glenn S. Gitomer,* for defendants.

FOX *J.*, November 16, 2010—

## FACTS and PROCEDURAL HISTORY

William Lex, appeals this court's order of August 25, 2010 which partially granted the petition to confirm arbitration award filed by Duckyu Chang's[1] and Kee Chang, and denied petition to vacate the arbitration award filed by Lex. The petitions before this court originated from an arbitration proceeding ("arbitration") before the Financial Industry Regulatory Authority ("FINRA"). The Changs' filed an action raising claims of breach of contract and fraud against McGinn, Smith & Co., Inc. ("MSC"), David L. Smith and William Lex. The Changs

---

1. Duckyu Chang petitions this court as an individual and as trustee for Cumberland Pathology Associates, LLC

filed a proceeding before the FINRA arbitration. The allegations claimed are related to the conduct of MSC, Smith and Lex in the securities industry. On December 31, 2009, after a ten-day evidentiary hearing, the FINRA arbitration panel unanimously rendered an award finding MSC, Smith, and Lex, jointly and severally liable to the Changs in the amount of $805,110. On January 29, 2010, MSC, Smith, and Lex filed a joint petition to vacate the arbitration award. On February 18, 2010, the Changs filed an answer to the joint petition to vacate and filed a petition to confirm arbitration award.

During the pendency of these cross petitions, the U.S. District Court entered a temporary restraining order in the case of *Securities and Exchange Commission v. McGinn, Smith & Co., Inc., et. al.*, Civil Action No. 10-CV-00457-GLS-RFT, on April 20, 2010. At the oral argument before this court, MSC and Smith contended that the District Court order resulted in a stay in all pending actions including these cross petitions. The Changs' argued that the District Court order should not stay this court's determination as to whether the arbitration award should be confirmed or vacate; that the stay only affected the payment of any such award. The arbitration award found against MSC/Smith and Lex jointly and *severally*. Lex argued that should this court find that the District Court order did in fact result in a stay of these proceeding, then he should have the benefit of that stay and this court should not enter a partial order. This court directed the parties to submit to memorandum on this issue. In addition to arguing the effect of the District Court order, this court also heard argument on the underlying petitions to vacate and confirm. Thereafter, this

court entered an order which stayed the petitions pending as to MSC and Smith. This court found that the District Court order did not affect the Petitions regarding Lex. This court denied the Lex petition to vacate and granted the Changs' petition to confirm. Lex. This appeal followed.

## DISCUSSION

### I. *Issue of U.S. District Court Order*

In a matter involving MSC and Smith, the District Court entered an order which stated:

> [N]o person or entity...shall take any action...to interfere with the taking control, possession, or management of the assets, including but not limited to the filing of any lawsuits, liens or encumbrances or bankruptcy cases to impact the property and assets subject to this order.

Lex was not a party in that action. That action involved a complaint by the SEC against MSC and Smith. Although Lex does not contend that he was a party in that action, he argues that any decision by this court on the underlying arbitration award would in all likelihood affect MSC and Smith, thus violation the District Court order. He further argued that even though the arbitration award held MSC/Smith and Lex jointly and severally liable, it would be unfair and have a devastating effect on him should this court allow the matter to proceed and find against him. This court does not agree. A review of the case law clearly does not support Lex's position. The Changs' argued that the District Court order should not stay this court's determination even as to MSC/Smith.

The Changs' directed this court's attention to *Commodity Futures Trading Com. v. Chilcott Portfolio Mgmt.*, 713 F.2d 1477 (10th cir. 1983). In *Chilcott*, the United States Tenth Circuit Court reversed the District Court's grant of stay, and allowed individual investor actions against the company and third parties to proceed, despite a receivership being in place. *Id.* The language of the order in *Chilcott* is similar to the language in the receivership order in here. The *Chilcott* court held, "the right to proceed in court should not be denied except under the most extreme circumstances." *Id.* (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)), and that "these precautions are of particular importance where, as here, restraints on other courts are contemplated." *Id.* Lex does not cite any case law with facts similar to this case.

Instead, both parties compare the SEC stay at issue herein, to the stay under section 362 of the Bankruptcy Code. Upon review of section 362, and *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 509 (3d Cir. 1997), a case both parties cite, this court does not find reason for the stay to apply to Lex. "Although the scope of the automatic stay is broad, the clear language of section 362(a) stays actions only against a 'debtor.'" *Id.* at 509; see also *In re Exide Techs.*, 544 F.3d 196, 2008 (3d Cir. Sept. 19, 2008) (citing *Collier on Bankruptcy* for the proposition that when one defendant files a bankruptcy petition, the suit may proceed against non-debtor co-defendants). It is "universally acknowledged" that an automatic stay under § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a

similar legal or factual nexus to the debtor. *McCartney*, 106 F.3d at 509-510 (quoting *Maritime Elec. Co., Inc., v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991) (internal quotations omitted). This rule helps to insure that creditors obtain "the protection they sought and received when they required a third party to guaranty the debt." *Id*. at 510 (quoting *Credit Alliance Corp. v. Williams*, 851 F.2d 119,121 (4th Cir. 1988). Lex is clearly not a debtor.

The prohibition against extending the automatic stay to non-debtor co-defendants has been liberalized in some cases where courts have found "unusual circumstances" exist. *Id*. The U.S. Court of Appeals for the Third Circuit has recognized two situations that constitute "unusual circumstances." First, such circumstances exist where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id*. (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). These circumstances have generally been limited to actions against non-debtors who are entitled to absolute indemnity by the debtor for a judgment against them. *In re Mid-Atlantic Handling Sys., LLC*, 304 Bankr. 111, 128 (Bankr. D.N.J. 2003); see also *McCartney*, 106 F.3d at 510 (citing cases). Here, unusual circumstances do not exist. Lex is not entitled to absolute indemnity by MSC and Smith. Lex is an independently licensed broker, found liable for his own conduct by the arbitration panel in an award that found

joint and several liabilty. Clearly the stay does not apply.

## II. *Confirmation of the Arbitration Award*

Lex also contends that this court erred in its decision to deny his petition to vacate the award and grant the Changs' petition to confirm. An arbitration award cannot be vacated unless "it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." *Borgia v. Prudential Insurance Company*, 561 Pa. 434, 440, 750 A.2d 843, 846-847 (2000), citing *Runewicz v. Keystone Ins. Co.*, 476 Pa. 456, 461, 463, 383 A.2d 189,192,193 (1978); see also 42 Pa.C.S.A. § 7341; *Snyder v. Cress*, 791 A.2d 1198 (Pa. Super. 2002), at 1201. Additionally, appellant "bears the burden to establish both the underlying irregularity and the resulting inequity by 'clear, precise and indubitable evidence.'" *Gargano v. Terminix International Co.*, 2001, 784 A.2d 188, 193 (Pa. Super. 2001). In light of the applicable standard of review in this matter, it is clear that this court's order should be affirmed.

Lex raises various arguments in his contention that the award should be vacated, none of which permit this court to vacate the award. Lex contends that the arbitration panel incorrectly applied Pennsylvania Contributory Negligence Law to the case, and that such ignorance of the law should cause this court to vacate the award. Lex cites *Allstate Ins. Co. v. Fioravanti*, 451 Pa. 108, 299 A.2d 585, 589 (Pa. 1973), for the contention that our Supreme Court has stated that the phrase "other irregularity" in the process employed imports "such bad faith, ignorance of

the law and indifference to the justice of the result" as would cause a court to vacate an arbitration award. *Id.* Lex misstates the law. In this context, irregularity refers to the process employed in reaching the result of the arbitration, not the result itself. A cognizable irregularity may appear in the conduct of either the arbitrator or the parties. *McKenna v. Sosso*, 745 A.2d 1, 4 (Pa. Super. 1999). Here, Lex has clearly not raised an issue of fraud, misconduct, corruption, or bad faith. Lex is left with the contention that the arbitrator's interpretation of the law is so wrong that it is a "manifest disregard" of justice. Lex points to *Alaia v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 928 A.2d 273 (Pa. Super. Ct. 2007), in support of this contention. This case is clearly distinguishable from the case here. There, arbitrators altered the plaintiffs' claim by entering an award against a party from whom claimants had sought no relief, while, at the same time, failing to enter an award against a party from whom claimants had requested relief based upon the doctrine of respondent superior. The court held that "Thus, this procedural irregularity in the arbitration process itself warranted the judicial intervention of the lower court to rectify an unjust, inequitable and unconscionable award, in accordance with 42 Pa. C.S.A. § 7341." *Id.* Importantly, the court in *Alaia* noted that "Our decision today does not in any way affect or undermine the vitality of our previous decisions in *F.J. Busse Co., Inc. v. Sheila Zipporah, L.P.*, 879 A.2d 809 (Pa. Super. 2005), and *Bridges PBT v. Chatta*, 821 A.2d 590 (Pa. Super. 2003), in which the court concluded that the arbitration awards (if defective in any respect) involved permissible errors of law, and not an impermissible

irregularity in the conduct of the arbitration process itself as is the case in this matter." *Id.*

The arbitration panel conducted an evidentiary hearing which lasted ten days. The Changs contended they lost $3 million. They sought damages under theories of breach of contract and fraud. The arbitration panel found the Changs were in "definitive fault" and awarded $805,110. The arbitration award did not specify under which claims damages were awarded. Lex argues the factual and legal merits of the case. The arbitrators are the final judges of both law and facts. 42 Pa.C.S.A. §7341; *Prudential Property and Cas. Ins. Co. v. Stein*, 683 A.2d 683, (Pa. Super. 1969). Lex does not allege an impropriety in the arbitration process; instead he argues there were irregularities and inconsistencies in the award. Lex has failed to meet his burden. This court's order of August 25, 2010 should be affirmed.