J-S36016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IRON HILL COMPANY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| CAIRONE CONSTRUCTION CO. | : | |
| | : | |
| Appellee | : | No. 513 EDA 2021 |

Appeal from the Orders October 16, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): Case ID 200300428

BEFORE: LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED FEBRUARY 23, 2022**

Appellant, Iron Hill Company, appeals from the orders entered in the Philadelphia County Court of Common Pleas, which denied its petition to vacate the arbitration award entered in favor of Appellee, Cairone Construction Company, and granted Appellee's petition to confirm the arbitration award in its favor. We affirm.

The trial court opinion set forth the relevant facts and procedural history of this case as follows:

> Appellant is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Norristown, Pennsylvania. Appellee is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Jenkintown, Pennsylvania. The underlying matter arises out of an appeal of an arbitration award.

---

[*] Retired Senior Judge assigned to the Superior Court.

In 2016, Appellant contracted Appellee to construct trampoline pits for an indoor park in Hackensack, New Jersey.[1]  The project commenced in December 2016 and, through the course of the project, numerous revisions were made to the original plans for the trampoline pits.  Based upon these changes[,] Appellee submitted Change Order Requests to Appellant.  The Change Order Requests outlined the additional work performed as well as the associated additional cost.  Appellee continued working on the project and performed on the project.

On or about August 24, 2018, Appellee submitted a Demand for Arbitration to the American Arbitration Association ("AAA").[2]  Subsequently, Appellant filed a Response and

_____

[1] Appellant was awarded the contract for construction of the trampoline park and Appellant awarded the subcontract to Appellee to build the trampoline pits.

[2] Originally, Appellee had sued Appellant in New Jersey.  After Appellant objected on the basis of the arbitration clause and the case was dismissed, Appellee initiated arbitration proceedings.  The arbitration clause contained in the parties' agreement states:

Dispute Resolution

Any controversy or claim arising out of or relating to this contract, [or] the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the [award] rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.  The parties specifically waive any rights under state law to move to set the arbitration decision aside and/or appeal, thus the arbitration decision shall be final and binding.  Any attorney's fees incurred by the contractor in enforcement of arbitration under this contract shall be recoverable by the general contractor and will be paid by the subcontractor.  Subcontractor also agrees to be a party to any arbitration between or among the general contractor, owner, and/or other subcontractors if named as a party by

*(Footnote Continued Next Page)*

Counterclaim, claiming a set-off for settling Subcontractor Liens for two (2) of Appellee's subcontractors. On June 20, and June 21, 2019, a hearing was conducted before AAA Arbitrator Mary Jo Gilsdorf, Esquire, in Philadelphia, Pennsylvania.

On August 9, 2019, the Arbitrator: (1) found in favor of Appellee and against Appellant, in regard to the unpaid contract balance and the unsigned change orders; and, (2) found in favor of Appellant and against Appellee, in regard to Appellant's counterclaim for settling the subcontractor liens. On August 9, 2019, after accounting for the set-off, the Arbitrator awarded Appellee $88,958.48 (the "2019 Arbitration Award"). After the inclusion of administrative fees, the 2019 Arbitration Award total accrued to $98,623.48, plus interest at 6.3 percent from August 24, 2018, until the date of payment.

On September 5, 2019, Appellant filed a Petition to Vacate the 2019 Arbitration Award in the Court of Common Pleas of Montgomery County, Pennsylvania, under Docket Number 19-21802 (First Petition to Vacate). On February 6, 2020, the First Petition to Vacate was denied by the Honorable Steven C. Tolliver, Senior.[3] Appellant did not file a motion

---

the general contractor, and subcontractor shall be bound by such arbitration decision. Both parties agree that this subcontract shall be governed by the laws of the State of Pennsylvania.

For any claim subject to, but not resolved by mediation, the method of binding dispute resolution shall be Litigation in a court of competent jurisdiction.

(Contract Between Contractor and Subcontractor, 12/15/16, at 3-4; R.R. at 35a-36a).

[3] In its order, the court stated that Appellant's petition to vacate was denied and dismissed because the parties had arbitrated their dispute in Philadelphia County. In a footnote to the order, the court stated: "Pursuant to 42 Pa.C.S.A. § 7321.28, [Appellant] may move for judicial relief in the court of the county where the arbitration was held." (Order of Montgomery County Court of
*(Footnote Continued Next Page)*

for reconsideration or an appeal within thirty (30) days of the date of the entry of the order denying the First Petition to Vacate.

On March 5, 2020, Appellant filed a second Petition to Vacate the 2019 Award in the Court of Common Pleas of Philadelphia County, Pennsylvania (Second Petition to Vacate). On [May 4], 2020, Appellee filed a Petition to confirm the 2019 Award in Philadelphia Common Pleas Court. On October 13, 2020, oral argument was held regarding Appellant's Second Petition to Vacate and Appellee's Petition to Confirm the 2019 Award. On October 16, 2020, [by separate orders,] the trial court granted Appellee's Petition to Confirm and denied Appellant's Second Petition to Vacate.

On November 10, 2020, Appellant timely filed a Notice of Appeal of both this court's October 1[6], 2020, Orders to the Commonwealth Court of Pennsylvania ("Commonwealth Court"), which appeal [the] Commonwealth Court docketed at 1160 CD 2020. On November 16, 2020, this court issued a [Rule] 1925(b) Order seeking Appellant's Statement of [Errors] Complained Of within twenty-one (21) days. On December 7, 2020, Appellant timely filed the required [Rule] 1925(b) Statement. On February 19, 2021, the Commonwealth Court transferred the instant appeal to the Superior Court of Pennsylvania ("Superior Court"), which appeal the Superior Court docketed at 513 EDA 2021.

(Trial Court Opinion, filed March 29, 2021, at 1-3) (internal citations omitted).

Appellant raises the following two issues for our review:

Did the trial court err in finding that Appellant waived the right to seek judicial review of the underlying arbitration award for irregularities in the proceedings that resulted in the rendition of an unjust, inequitable, or unconscionable award?

---

Common Pleas, 2/6/20, at 1 n.1; R.R. at 157a). **See also** 42 Pa.C.S.A. § 7321.28 (stating motion relating to application for judicial relief must be made in court of county in which arbitration hearing was held).

>        Did the trial court err in denying Appellant's Petition to
>        Vacate Arbitration Award and granting Appellee's Petition to
>        Confirm Arbitration Award, where irregularities in the
>        underlying arbitration proceedings resulted in the rendition
>        of an unjust, inequitable, or unconscionable award?

(Appellant's Brief at 4).

As a preliminary matter, Appellee argues the Philadelphia County Court of Common Pleas trial court had no jurisdiction to rule on the merits of Appellant's second petition to vacate, where Appellant filed the petition more than 30 days after entry of the arbitration award based on Appellant's initial improper filing of the first petition to vacate in Montgomery County. To resolve this issue, we must first decide which arbitration principles apply in this case. This Court has explained:

>        Chapter 73 of the Pennsylvania Judicial Code governs
>        statutory, common law and judicial arbitration. Section
>        7301-7320 of Subchapter A apply to statutory arbitration
>        proceedings and are known collectively as the Pennsylvania
>        Uniform Arbitration Act ("UAA"). Section 7341 and 7342 of
>        Subchapter B apply to common law arbitration
>        proceedings.[4] Whether an arbitration agreement is subject
>        to the UAA (Sections 7301-7320 of Subchapter A) or
>        common law (Sections 7341-7342 of Subchapter B)
>        arbitration principles depends on whether the agreement is

_____

[4] On June 28, 2018, the General Assembly approved legislative amendments creating revised statutory arbitration standards under Pennsylvania law, effective July 1, 2019. *See* 2018 Pa. Legis. Serv. Act 2018-55 (H.B. 1644); *see also* 42 Pa.C.S.A. §§ 7321.1-7321.31. Section 7342 was also amended to incorporate some of these revised standards in the legislative framework applicable to common law arbitrations in Pennsylvania. *See* 42 Pa.C.S.A. § 7342(a). Here, the parties entered the contract containing the arbitration clause at issue in 2016 and the arbitration hearings took place in June 2019, before the amendments took effect on July 1, 2019. Thus, we will apply the law in place before the amendments took effect.

in writing and expressly provides for arbitration under the UAA. Absent an express statement in the arbitration agreement, or a subsequent agreement by the parties which calls for the application of the UAA statutory provisions in Subchapter A, an agreement to arbitrate is conclusively presumed to be at common law and subject to the provisions of Subchapter B.

***Sage v Greenspan***, 765 A.2d 1139, 1141 (Pa.Super. 2000), *appeal denied*, 566 Pa. 684, 784 A.2d 119 (2001) (internal citations omitted). In other words, a written agreement to arbitrate which fails to specify the application of either common law or statutory rules is properly considered as common law arbitration. ***Snyder v. Cress***, 791 A.2d 1198, 1200 (Pa.Super. 2002). Further, "[a]n agreement to arbitrate in accordance with the Rules of the AAA is an agreement pursuant to common law arbitration." ***Midomo Co., Inc. v. Presbyterian Housing Development Co.***, 739 A.2d 180, 183 (Pa.Super. 1999). ***See also Bucks Orthopaedic Surgery Assoc., P.C. v. Ruth***, 925 A.2d 868, 871 (Pa.Super. 2007) (stating same).

Here, the parties' arbitration clause states, in relevant part: "Any controversy or claim arising out of or relating to this contract, [or] the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association[.]" (Contract Between Contractor and Subcontractor, 12/15/16, at 3; R.R. at 35a). As the parties did not specify for the application of the UAA statutory provisions in Subchapter A, or another similar statute, the agreement to

arbitrate is presumed to be at common law.[5] ***See Snyder, supra***; ***Sage, supra***. The parties' reference to be bound by the Rules of AAA further demonstrates that common law arbitration principles apply in this case. ***See Bucks, supra***; ***Midomo, supra***.

The statutes governing common law arbitration before the amendments took effect stated:

### § 7341.  Common law arbitration

The award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

42 Pa.C.S.A. § 7341 (effective until June 30, 2019).[6]

### § 7342.  Procedure

   **(a)  General rule.**—The following provisions of Subchapter A (relating to statutory arbitration) shall be applicable to arbitration conducted pursuant to this subchapter:

Section 7303 (relating to validity of agreement to arbitrate).

Section 7304 (relating to court proceedings to compel or stay arbitration).

---

[5] Based on the law cited in the briefs on appeal, the parties appear to agree that common law arbitration principles apply.

[6] We note that even if the amended versions of the statutes at issue applied, the statutes relevant to this appeal were substantially similar before and after the amendments.

Section 7305 (relating to appointment of arbitrators by court).

Section 7309 (relating to witnesses, subpoenas, oaths and depositions).

Section 7317 (relating to form and service of applications to court).

Section 7318 (relating to court and jurisdiction).

**Section 7319 (relating to venue of court proceedings)**.

Section 7320 (relating to appeals from court orders), except subsection (a)(4).

**(b) Confirmation and judgment.**—On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration), the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order. Section 7302(d)(2) (relating to special application) shall not be applicable to proceedings under this subchapter.

42 Pa.C.S.A. § 7342 (effective until June 30, 2019) (emphasis added). "This Court has consistently interpreted section 7342(b) to require that any challenge to the arbitration award be made in an appeal to the Court of Common Pleas, by filing a petition to vacate or modify the arbitration award within 30 days of the date of the award." *U.S. Claims, Inc. v. Dougherty*, 914 A.2d 874, 877 (Pa.Super. 2006), *appeal denied*, 593 Pa. 729, 928 A.2d 1291 (2007). "A party must raise alleged errors in the arbitration process in a timely petition to vacate or modify the arbitration award or the claims are forever waived." *Id.*

Section 7319 of the Statutory Arbitration Act, applicable in common law arbitration proceedings pursuant to Section 7342(a), provides:

**§ 7319.  Venue of court proceedings**

Except as otherwise prescribed by general rules:

(1)    An initial application to a court under this subchapter shall be made to the court of the county in which the agreement prescribes that the arbitration hearing shall be held **or, if the hearing has been held, in the county in which the hearing was held**.

(2)    If an application to a court cannot be made under paragraph (1) the application shall be made to the court in the county where the adverse party resides or has a place of business or, if he has no residence or place of business in this Commonwealth, to the court of any county.

(3)    All subsequent applications to a court shall be made to the court hearing the initial application unless that court otherwise directs.

42 Pa.C.S.A. § 7319 (emphasis added).

In **Mulnix v. Toll Brothers, Inc.**, No. 3248 EDA 2018, 2020 WL 7353363 (Pa.Super. Dec. 15, 2020) (unpublished memorandum),[7] this Court considered a procedural posture similar to this case.  There, Toll Brothers filed a petition to vacate a final arbitration award in the Bucks County Court of Common Pleas, even though the arbitration hearings took place in Philadelphia.  The appellees subsequently filed a petition to confirm the arbitration award in the Philadelphia County Court of Common Pleas.  The

---

[7] We may rely on unpublished cases from this Court filed after May 1, 2019 for persuasive value.  **See** Pa.R.A.P. 126(b).

Philadelphia trial court granted the appellees' petition to confirm, and Toll

Brothers appealed.

On appeal, the appellees claimed, *inter alia*, that Toll Brothers' petition

to vacate should be treated as a legal nullity because it was not filed in the

proper venue, *i.e.*, the Philadelphia County Court of Common Pleas.  This Court

acknowledged that "the proper venue for Toll Brothers' petition to vacate is

indisputably situated in Philadelphia County, which was the location of the

arbitration hearings in the instant case."  **Id.** at *4.  Nevertheless, this Court

explained:

> With respect to Toll Brothers' petition to vacate that was
> filed in an incorrect venue, Pennsylvania law provides a
> straightforward solution to such erroneous submissions:
>
>> If an appeal **or other matter** is taken to or brought
>> in a court … of this Commonwealth which does not
>> have jurisdiction of the appeal or other matter, the
>> court … **shall** not quash such appeal or dismiss the
>> matter, but shall transfer the record thereof to the
>> proper tribunal of this Commonwealth, **where the
>> appeal or other matter shall be treated as if
>> originally filed in the transferee tribunal on the
>> date when the appeal or other matter was first
>> filed** …
>
> 42 Pa.C.S. § 5103(a) (emphasis added).
>
> Instantly, there is no dispute that Toll Brothers' petition to
> vacate was filed within thirty days of the entry of a final
> award by the arbitrator.  Pursuant to the imperative
> language of § 5103(a) quoted above, the petition to vacate
> should have been transferred to the Philadelphia County
> Court of Common Pleas and, critically, treated as if it had
> been timely filed.

*    *    *

> … The mere fact that Toll Brothers' petition was filed in the wrong venue does not render it a legal nullity. **See, e.g., Commonwealth v. Gross**, [627 Pa. 383, 396, 101 A.3d 28, 36 (2014)] ("As venue is predominantly a procedural matter, and pertains to the locality most convenient to the proper disposition of a matter, dismissal is disproportionate and unjust where a court merely finds another judicial district provides a more appropriate forum." (internal citations and quotation marks omitted)).

**Mulnix, supra** at \*4-\*5 (some internal citations omitted).

Instantly, the parties arbitrated their dispute in Philadelphia County. The arbitrator entered the award in favor of Appellee on August 9, 2019. Within 30 days, Appellant filed the first petition to vacate in Montgomery County on September 5, 2019. During the proceedings in Montgomery County, Appellee objected on the basis of improper venue. The record suggests the issue of improper venue was also discussed at a hearing before the Montgomery County trial court on January 22, 2020. Thereafter, on January 24, 2020, Appellant filed a petition to transfer the petition to vacate from Montgomery County to Philadelphia County.

The Montgomery County trial court did not rule on the transfer petition; instead, on February 6, 2020, the Montgomery County trial court denied and dismissed the petition to vacate because Appellant had filed the petition in the improper venue. In a footnote to its order, the court stated: "Pursuant to 42 Pa.C.S.A. § 7321.28, [Appellant] may move for judicial relief in the court of

- 11 -

the county where the arbitration was held."[8]  (Order of Montgomery County Court of Common Pleas, 2/6/20, at 1 n.1; R.R. at 157a).  Within 30 days of that order, on March 5, 2020, Appellant filed the instant petition to vacate in Philadelphia County.

Under Section 5103(a), the Montgomery County trial court should have granted Appellant's petition to transfer and transferred the first petition to vacate to the Philadelphia County Court of Common Pleas, where it would have been considered as timely filed.  *See* 42 Pa.C.S.A. § 5103(a); *Mulnix, supra*.  Based on the language in the footnote of the Montgomery County trial court's order, Appellant reasonably filed a second petition to vacate in Philadelphia County within thirty days of that order.  Under these circumstances, we decline to construe Appellant's current petition to vacate as a legal nullity, and we will reach the merits of the petition to vacate filed in Philadelphia County.[9]

_____

[8] The Montgomery County trial court cited to Section 7321.28, which is a post-amendment provision.  Similar to Section 7319, Section 7321.28 requires that a motion relating to an application for judicial relief be made in the court of the county in which the arbitration hearing was held.  *See* 42 Pa.C.S.A. § 7321.28.  Thus, under the pre or post-amendment statute, the law directed Appellant to file the petition to vacate in Philadelphia County, where the arbitration proceedings were held.

[9] Appellee has filed a petition to strike in this Court based on Appellant's failure to ensure that all of the pertinent proceedings that took place in Montgomery County are part of the certified record in this appeal.  Alternatively, Appellee asks this Court to remand so that Appellant can supplement the record with those filings.  Our review of the record confirms that most of the filings that

*(Footnote Continued Next Page)*

In its issues combined, Appellant acknowledges that the arbitration clause contained in the parties' contract stated that the parties would be bound by the arbitrator's decision, where the contract states: "The parties specifically waive any rights under state law to move to set the arbitration decision aside and/or appeal, thus the arbitration decision shall be final and binding." (Appellant's Brief at 13) (citing R.R. 35a). Appellant argues, however, that it is not precluded from challenging irregularities in the arbitration process, which Appellant insists resulted in the rendition of an "unfair, inequitable, or unconscionable award." (Appellant's Brief at 12). Appellant claims the arbitrator violated the AAA's Construction Industry Arbitration Rules in various ways including, *inter alia*, the failure to make findings of fact and conclusions of law; the failure to permit Appellant to respond to Appellee's post-hearing submission following arbitration; and the failure to apply Pennsylvania law to the proceedings.

Specifically, regarding the arbitrator's alleged failure to apply Pennsylvania law to the proceedings, Appellant argues that the arbitrator applied her own "notion" of "construction law" by directing the parties to brief the applicability of the "Leading Edge Doctrine," when no such doctrine exists

---

took place in Montgomery County are attached as exhibits to various filings in the certified record before us. Although the transcript of the January 22, 2020 hearing in Montgomery County is not part of the record, the court's order denying and dismissing the petition to vacate makes clear the court did so on procedural grounds based on improper venue. Because our review of the record is not impaired here, we deny Appellee's application to strike.

in Pennsylvania. Appellant concedes that the arbitrator subsequently amended her request once the parties informed her that they were unaware of the "Leading Edge Doctrine," and she clarified that she meant she wanted the parties to "brief the effect of verbal directions in the field without written change orders—even if there is language in the contract stating that all change orders must be in writing." (*Id.* at 17) (citing R.R. at 72a). Appellant submits that the arbitrator's amended direction demonstrates an ignorance of Pennsylvania law, which requires that when the words of a written contract are plain and unambiguous, the intent of the parties is to be ascertained from the plain language of the contract and courts are not permitted to alter the meaning of the contract under the guise of contractual interpretation.

Appellant further complains that the arbitrator's failure to make findings of fact and conclusions of law is particularly problematic where there is no transcript of the arbitration proceeding. Under these circumstances, Appellant maintains "one can only reasonably conclude that the arbitrator rendered her decision based on neither the facts nor on Pennsylvania law, but merely on her personal predilections and unfounded 'notions' of 'construction law.'" (Appellant's Brief at 18-19). Appellant insists the arbitrator impermissibly exceeded the scope of her authority under the arbitration agreement, which required the arbitrator to apply Pennsylvania law, by applying her personal "notion" of non-state-specific "construction law." Appellant concludes it did not waive judicial review of these types of procedural irregularities in the

proceedings, and this Court should reverse the orders denying its petition to vacate and granting Appellee's petition to confirm, or vacate and remand for further proceedings. We disagree.

Our standard and scope of review in this case are as follows:

> Judicial review of a common law arbitration award is severely limited as otherwise arbitration would be an unnecessary stage of litigation, causing only delay and expense without settling the dispute. The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to a reversal for a mistake of either. Neither we nor the trial court may retry the issues addressed in arbitration or review the tribunal's disposition of the merits of the case. Rather, we must confine our review to whether the appellant was deprived of a hearing or whether fraud, misconduct, corruption or other irregularity tainted the award. The appellant bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise, and indubitable evidence. In this context, irregularity refers to the process employed in reaching the result of the arbitration, not to the result itself.

*Civan v. Windermere Farms, Inc.*, 180 A.3d 489, 493 (Pa.Super. 2018) (quoting *U.S. Spaces, Inc. v. Berkshire Hathaway Home Servs., Fox & Roach*, 165 A.3d 931, 934 (Pa.Super. 2017)). "[A] trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law." *Gargano v. Terminix Intern. Co., L.P.*, 784 A.2d 188, 193 (Pa.Super. 2001).

"A cognizable irregularity may appear in the conduct of either the arbitrators or the parties. [T]he phrase 'other irregularity' in the process employed imports such bad faith, ignorance of the law and indifference to the justice of the result as would cause a court to vacate an arbitration award."

- 15 -

*F.J. Busse Co., Inc. v. Sheila Zipporah, L.P.*, 879 A.2d 809, 811 (Pa.Super. 2005), *appeal denied*, 587 Pa. 694, 897 A.2d 457 (2006) (internal citations and some internal quotation marks omitted). "[A] common law arbitration award is not reviewable for an error of law. Therefore, regardless of whether the arbitrators committed an error of law, the arbitrator's award cannot be vacated on this basis." *Id.* at 812. "In most cases where an irregularity is alleged, our appellate courts have denied relief." *Chervenak, Keane & Co., Inc. (CKC Associates) v. Hotel Rittenhouse Associates, Inc.*, 477 A.2d 482, 485 (Pa.Super. 1984) (collecting cases).

> [T]his Court has found irregularities rising to the level of the denial of a fair hearing where the arbitrators: exceeded the scope of the arbitration agreement, *Ginther v. U.S. Fid. & Guar. Co.*, … 632 A.2d 333, 335 (Pa.Super. 1993); made an award for claims that were never raised, *Mellon v. Travelers Inc. Co.*, … 406 A.2d 759, 762 (Pa.Super. 1979), or for claims that were not raised against the party against whom they were awarded, *Alaia v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 928 A.2d 273, 277 (Pa.Super. 2007); and had an undisclosed, ongoing business relationship with one of the parties, *James D. Morrisey, Inc. v. Gross Const. Co.*, … 443 A.2d 344, 349 (Pa.Super. 1982).
>
> However, this Court has held that no irregularity warranting modification occurred where the allegations were that the arbitrators: applied the wrong state's law, *Racicot v. Erie Ins. Exch.*, 837 A.2d 496, 500 (Pa.Super. 2003); failed to award fees as provided by a relevant statute, [*F.J. Busse Co., supra*]; made an award contrary to a policy exclusion, *Hain v. Keystone Ins. Co.*, … 326 A.2d 526, 528 (Pa.Super. 1974); and made an incorrect determination whether a person was an insured under a contract. *Prudential Prop. & Cas. Ins. Co.* [683 A.2d 683, 684 (Pa.Super. 1996)].

> In sum, "only claims which assert some impropriety in the arbitration process may be the subject [of] an appeal—to the exclusion of appeals which seek review of the merits." [**Snyder, supra** at 1201]. "[N]either we nor the trial court may retry the issues addressed in an arbitration proceeding or review the tribunal's disposition of the merits of the case." **F.J. Busse Co.,** [**supra**] at 811.

**D'Amelia v. Toll Bros., Inc.**, 235 A.3d 321, 329-30 (Pa.Super. 2020).

Instantly, in evaluating the merits of Appellant's current petition to vacate, the trial court reasoned:

> In 2020, Appellee filed a Petition to Confirm the 2019 Arbitration Award. Subsequent to oral argument, the trial court: (1) found that the 2016 Construction Contract was valid; (2) found that the 2016 Construction Contract was duly signed by both parties; and, (3) found that Appellant had waived the right to appeal the 2019 Arbitration Award [based on the contract language]. Furthermore, Appellant has provided no evidence, pursuant to 42 Pa.C.S. § 7341, to show that Appellant was "denied a hearing or that fraud, misconduct, corruption or other irregularity" caused the 2019 Arbitration Award. Therefore, the trial court properly granted Appellee's Petition to Confirm and properly denied Appellant's Section Petition to Vacate.

(Trial Court Opinion at 5). We see no reason to disrupt the court's decision.

Here, Appellant claimed the arbitrator violated the AAA's Construction Industry Arbitration Rules. Regarding the arbitrator's improper reference to the "Leading Edge Doctrine," upon questioning from the parties, the arbitrator explained that she had used that phrase in the colloquial sense "from a construction law perspective" and wanted the parties to brief the "effect of verbal directions in the field without written change orders—even if there is language in the contract stating that all change orders must be in writing."

The arbitrator gave the parties another opportunity to brief this issue. (*See* Arbitrator's E-mail to Parties, 7/23/19, at 1; R.R. at 72a). Even if the arbitrator misapplied Pennsylvania law, that is not grounds for upsetting the arbitration award. *See Civan, supra*; *F.J. Busse Co., supra*.

Additionally, Appellant's claims of the arbitrator's alleged violations of the AAA's Construction Industry Arbitration Rules do not rise to the level of those procedural irregularities where modification of the arbitration award was required. *See D'Amelia, supra*. The record simply does not show that Appellant was deprived of a hearing or that fraud, misconduct, corruption, bad faith, ignorance of the law, or indifference to the justice of the result occurred such that the arbitration award should be vacated. *See Civan, supra*; *F.J. Busse Co., supra*. In light of our very narrow scope of review which favors the public policy of finality in arbitration proceedings, we cannot say the trial court abused its discretion in denying Appellant's petition to vacate and granting Appellee's petition to confirm the arbitration award.[10] *See Gargano,*

_____

[10] Appellee requests that we award damages, attorney's fees, and interest under Pa.R.A.P. 2744 (explaining that appellate court may award counsel fees and other damages when it determines that appeal is frivolous or taken solely for delay or that conduct of participant against whom costs are to be imposed is dilatory, obdurate or vexatious). Appellee's request is based, at least in part, on its belief that Appellant's current petition to vacate was untimely filed in Philadelphia County. Nevertheless, we have already decided that the timely Montgomery County filing should have been transferred to Philadelphia County. Further, while Appellant's issues on appeal do not merit any relief, we decline to hold that this appeal is frivolous or was taken solely for the purpose of delay. *See id.*; *U.S. Claims, supra* at 878 (stating: "In
*(Footnote Continued Next Page)*

*supra*; *Civan, supra*.  Accordingly, we affirm.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/23/2022

---

determining the propriety of such an award, we are ever guided by the principle that an appeal is not frivolous simply because it lacks merit; rather, it must be found that the appeal has no basis in law or fact").